(123 So. 34)

## POWELL v. STATE. (6 Div. 233.)

Supreme Court of Alabama. May 2, 1929.

As Modified on Denial of Rehearing June 13, 1929.

F. E. St. John and A. A. Griffith, both of Cullman, for appellant.

Charlie C. McCall, Atty. Gen., for the State.

SAYRE, J. Appellant was convicted of murder in the second degree.

There is no need to discuss in detail the intimate facts of the homicide. The evidence very clearly warranted the verdict. The only question demanding specific treatment arises out of the following situation, to state the case in brief: The evidence for the state went to show that defendant, armed with a Winchester rifle, had gone to the place where deceased lived with his father, and, after killing the father, had killed deceased without excuse or justification. Defendant's theory of the case was that he had killed the father in self-defense and that during that operation one of the shots intended for the father had accidentally killed the son, for the killing of whom he had been indicted and was on trial. The question of guilt vel non was one for jury decision.

To show motive, malice, the state was allowed to put in evidence the complaint in a case in which deceased had brought suit against defendant for debauching his (deceased's) wife. That suit was still pending. The state was further allowed to adduce evidence going to show that during the absence of deceased in Ohio defendant had frequently visited the wife of deceased and on such occasions had slept with the wife or his young sister, according to his choice of the moment, and that, upon one such visit, he had taken with him a friend, with whom he directed the young sister to spend the night while he slept with the wife of deceased. Defendant objected to this evidence as it was offered, and his exceptions are now urged for consideration by this court as cause for reversal.

Commander v. State, 60 Ala. 1, seems to furnish the mainstay of the argument for a reversal. Commander was on trial for murder. In that case the state proved that defendant had been informed that deceased had employed an attorney to bring suit against his (defendant's) brother-in-law for some land, in which it seems defendant's wife also claimed an interest, and that a few days before the killing defendant had said that if any one were to sue him so he would kill him. Defendant then offered in evidence a deed and collateral facts to show that deceased had no title to the land. This court, by Brickell, C. J., held that the fact of anticipated litigation between the deceased and the accused, or of litigation in which the accused felt an interest, connected with his declaration that he would kill any one who would sue him under like circumstances, was admissible as bearing on the question of the relation of the parties and the state of the feelings of the accused towards the deceased, but, said the court, "the merits of the litigation were not material. The right may have been against the deceased, but this would not change the fact that the relation of the parties was hostile"—and held that evidence touching the

merits of the controversy concerning the land was properly excluded because its admission would have indefinitely multiplied the issues before the jury.

But in Gassenheimer v. State, 52 Ala. 313, where the defendant was indicted for receiving stolen property, Brickell, C. J., speaking for the court, held that, while evidence of one distinct offense is generally inadmissible on the trial of another, it may be resorted to in some cases, for example, among others, where it is necessary or proper to prove a motive.

In Marler v. State, 68 Ala. 580, it was held that: "The record of the divorce proceedings, pending between defendant and his wife, was competent evidence bearing on the question of motive. Their operation was properly limited by the [trial] court to showing that the suit was pending and undismissed at the date of Colquitt's death (for which defendant was being tried), and that the latter was a material witness in the cause."

In Hawes v. State, 88 Ala. 37-67, 7 So. 302, 312, the theory of the prosecution was that defendant's purpose had been to rid himself of his wife and children in order to open the way for another marriage—motive, in other words—and, that theory having support in the evidence, it was held that: "All evidence going in any way to connect the defendant with the murder of his wife, or of his daughter Irene, was relevant to the issues involved on his trial for the murder of May, and was properly admitted."

In Miller v. State, 130 Ala. 1–16, 30 So. 379, 383, where the defendant was indicted for murder, the court ruled: "Other offenses are allowed in evidence to show a motive for committing the offense under investigation. The existence of this motive depends upon the inquiry whether the" defendant "committed the other offenses, and of course proof that [he] did commit them must needs involve evidence as to the particulars of those offenses, evidence of the several acts which enter into and constitute them."

In Pate v. State, 94 Ala. 14, 10 So. 665: "It was competent to show that unlawful intimate relations existed between the defendant and the wife of the deceased, and this could be shown by the acts of the parties. * * * Such relations are evidence of motive"—citing Marler v. State, 68 Ala. 584; Id., 67 Ala. 55, 42 Am. Rep. 95; Johnson v. State, 17 Ala. 618; Hall v. State, 40 Ala. 698. To the same effect we cite Spicer v. State, 188 Ala. 9, 65 So. 972; Harden v. State, 211 Ala. 650, 101 So. 442; Underhill, Crim. Ev. § 154, p. 207; 30 C. J. 185, § 410, in addition to the authorities quoted above.

On like principle evidence of criminal relations between defendant and the sister of deceased, and that defendant contributed to the debauching of the sister by another, was properly admitted. The difference between this relation and that of husband and wife rendered the evidence just here in question of less probative force, possibly, but it was none the less admissible.

The court is of opinion that the judgment of the trial court should be affirmed.

Affirmed.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.

PER CURIAM. Application for rehearing overruled.

All the Justices concur.