63 So.2d 32

## MACON v. STATE.

### 7 Div. 159.

Court of Appeals of Alabama.

Jan. 6, 1953.

———————

Huel M. Love, Talladega, for appellant.

Si Garrett, Atty. Gen., J. W. Arbuthnot, Asst. Atty. Gen., and Marvin Cherner, Birmingham, of counsel, for the State.

PRICE, Judge.

Under an indictment charging murder in the first degree, the defendant was convicted of manslaughter in the first degree and his punishment fixed at four years imprisonment in the penitentiary.

The evidence is without dispute that appellant killed his wife, Betty Macon, by shooting her with a shotgun.

Defendant contended he had cleaned his gun and in reloading it the gun fired, accidentally killing his wife.

The State's testimony was directed to a refutation by expert witnesses of defendant's contention as to how the shooting occurred, and to proof of conflicting statements made by defendant.

As the law requires, we have carefully considered the entire record and the questions presented therein for our review, although we have not been furnished a brief by appellant's counsel. Ala.Dig., Crim.Law, ⚖1130(4).

Under all the evidence adduced on the trial, the question of whether the killing was accidental was for the jury's determination, and we are of the opinion it was sufficient, if believed by the jury beyond a reasonable doubt, to sustain the verdict. The court should not be put in error for refusing the requested affirmative charge, nor in overruling defendant's motion for a new trial on the ground the verdict was contrary to the great weight of the evidence.

No good purpose would be served by a separate discussion of each exception reserved during the trial. We are convinced there was no reversible error in the rulings of the court on the admission of evidence.

The charges refused to defendant, which were correct propositions of law, were fairly and substantially covered by the given charges.

We find no reversible error in the record and the judgment is affirmed.

Affirmed.