257 So.2d 369

**Buel Smith SCOTT**

v.

**STATE.**

1 Div. 63.

Court of Criminal Appeals of Alabama.

Jan. 25, 1972.

**510**

Douglas Stanard, Vernol R. Jansen, Jr., Mobile, for appellant.

MacDonald Gallion, Atty. Gen., and Lloyd G. Hart, Asst. Atty. Gen., for the State, for appellee.

PER CURIAM.

Appellant was indicted for murder in the first degree. He was convicted of murder in the second degree and the jury by its verdict fixed his punishment at imprisonment in the penitentiary for life. From a judgment of the trial court in accordance with the verdict this appeal was taken.

The State's evidence tended to show that deceased and appellant were in J. B.'s Burger House, a sandwich shop; that deceased paid for a purchase at the counter and stepped back to turn and leave; that appellant claimed deceased stepped on his foot and demanded an apology; that deceased said he did not know he had stepped on appellant's foot and that he then left the shop; that appellant left a few seconds thereafter and that within a few seconds some children ran into the shop and made a report; that the operator of the shop looked out of the window and saw deceased in his car and noticed that he fell over; that said operator then called police officers; that the officers came and deceased was carried to a hospital and it was ascertained that he had been shot twice; and that two bullets were taken from his body. The evidence further tended to show that appellant left the shop and went to the home of a friend; that he told the friend he was in trouble, that he had shot a man and that the pistol was in the drain in front of the friend's home; that the pistol was removed from the drain; and that the pistol taken from the drain and the bullets taken from the body of deceased were examined by an expert on fire arms identification and in his opinion said bullets had been fired from said pistol.

The State's evidence further tended to show that the above mentioned pistol and

bullets were of the 22 caliber size; that a 38 caliber pistol was found in a box in deceased's car on a seat behind the driver's seat; and that deceased was on the driver's seat and had been shot in the back.

The appellant testified in his own behalf. There was little, or no conflict in his testimony and the State's evidence as to what took place inside the shop. Appellant testified in substance that when he left the shop deceased was standing by his car and called to him; that he approached the deceased, not really knowing that he was the person who had been in the shop; that the deceased struck him with the pistol in question and struck at him again with it; that he caught the man by the arm which held the pistol and that a struggle followed; that while he held the man's arm the pistol fired twice; that he took the pistol from the man's hand and left; and that the pistol was put in the drain in front of his friend's home.

The evidence on the part of the State further tended to show flight on the part of the appellant and that because of that flight he was arrested in Dothan, Alabama, some months later. The offense took place in the City of Mobile, Alabama, and trial was had in the Circuit Court of Mobile County.

On numerous occasions appellant objected to portions of the argument made by the assistant district attorney to the jury. A majority of the objections to said argument were sustained by the court. We set out below only those parts of the argument objected to in which the court overruled the appellant's motion to exclude.

"A. "I don't know what their purpose is. The thing is probably they are the ones that got this fellow in all this trouble. They are the ones that really got him in trouble because he is a man 28 or 29 years old, done lost a leg and banged up in the War, and he is a big man, got a brand new automobile, and he's got this younger fellow and he is leading him astray, this man here Scott, trying to be the big man, big man. I'm going to sea and everything,—I've got to be just as big as that fellow Bush, above all,—ride shotgun, rank, all that kind of stuff. The two real grown men and he's trying to follow them up and they figure —"

Objection and motion to exclude overruled.

B. "And when that citizen's life is snuffed out, snuffed out without even giving him an opportunity to make his peace with his Maker—not even for the simple opportunities to do things like that,—it doesn't make any difference whether he is 15, 16 years old, 1 month from his 18th birthday, or whether he has been to sea, whether he has been— where he has been, because it's bad, it's evil, a face of evil comes up, and Mr. Jansen says 'Oh, look at the boy, look at the boy', but when a person is in trouble, Ladies and Gentlemen, he is going to put on his best side,—if he can come down here looking like a Preacher, he can come down here looking like a Sunday School teacher—"

Objection overruled.

C. "Well, I submit to you Ladies and Gentlemen, he could have the appearance of a Sunday School teacher, he could have the appearance of Coach Smith at Blount High School, he could have the appearance of a preacher—"

Objection and motion to exclude overruled.

D. "He could have the appearance of the Angel Gabriel, but he's still got that four letter word tattooed on his heart, evil, evil—"

Objection and motion for a mistrial overruled and denied.

E. "It's not what goes into your mouth that is evil, it is what comes out that's evil,—what you do,—that's what is

evil. That's what is bad. The badness comes out of your mouth, not what goes in, not what you look like, and there is evil in that man,—he is not a boy—"

Objection and motion to exclude and motion for mistrial.

"THE COURT: I will sustain the objection to the argument insofar as it relates to your stating that the defendant is an adult. The undisputed evidence places him at 19 years of age, and if you are suggesting that he is older than 19, I am sustaining objection, because there is no evidence indicating that.

"MR. STANARD: In regards to this evil business—

"THE COURT: I overrule the objection as to the characterization of the defendant."

F. "If he lives, people will know, well, we can shoot a man down and we are just going to get life,—we're up here eating groceries every day and sleeping at the State's expense,—that's what those people need to know about jury systems —some of them are going to get out and they are going to come back and say, 'Oh, I remember Buel Scott,—'"

Objection and motion to exclude.

"THE COURT: I'm going to deny your motion and overruled, but just barely, which indicates that I think you have covered that subject sufficiently."

G. "And when you consider this, when you return the punishment that meets the crime, it may, by the Grace of God, it may keep another person from being killed under the same circumstance."

Objection and motion to exclude overruled.

■ Ordinarily there are three situations in which improper argument may be the basis for reversal. The first of which is an argument which is so grossly improper and highly prejudicial as to be ineradicable by proper ruling of the judge. Anderson v. State, 209 Ala. 36, 95 So. 171. Second, is argument which in its cumulative effect creates an atmosphere of bias and prejudice which no remarks by the trial court could eradicate. Blue v. State, 246 Ala. 73, 19 So.2d 11. It differs from the first type of improper argument in that no single remark would be sufficient justification for reversal. Instead, the cumulative nature of the remarks creates an atmosphere of prejudice which requires reversal. Finally and obviously, is prejudicial argument which the judge fails to rule on properly.

■ It is the opinion of this Court that arguments of the prosecuting attorney do not come within any of the three above mentioned categories such as to require a reversal. Further, the record includes none of appellant's argument and only that portion of appellee's to which an objection was taken. It appears that much of the State's argument to the jury was in answer to argument of appellant's counsel. While not approving of the argument presented by the State, we cannot say that any of it, either singly or cumulatively, created an atmosphere of prejudice and bias which rendered a fair and impartial trial impossible. Nor can we say argument objected to by the defense counsel, but overruled by the judge, was so prejudicial as to require a reversal.

For the foregoing reasons the judgment in this cause is due to be affirmed.

This opinion was prepared by L. S. Moore, Supernumerary Circuit Judge, and adopted by this Court as its opinion.

Affirmed.