BOWEN W. SIMMONS, Supernumerary Circuit Judge.
A jury decided the defendant, an indigent, was guilty of robbery as charged in an indictment and fixed his punishment at twenty-one years imprisonment in the penitentiary. A judgment was duly entered and is the basis of this appeal in forma pauperis.
The victim of the robbery, occurring April 1, 1974, about 5:45 P. M., was the office manager of a housing project located in the city of Birmingham. As noted, the robbery occurred late in the afternoon and was perpetrated by two blacks, one short and the other tall in physical size, neither of whom the victim could identify. She described their dress and appearance, one with a rubber (Halloween) mask over his face and the other, a stocking over his head and face. One brandished a pistol, made the victim and his associate lie on the floor. He got the chest containing the money, picked it up and put it in a pillow case, it looked like to the witness.
Another woman who lived in the project observed enough of the transaction to arouse her suspicion, and she telephoned the police.
A patrol car containing two police officers, Kimbrough and Bailey, picked up the radio alert describing the two robbers, and almost immediately observed two suspects who they thought met the description, about two blocks from the scene of the robbery.
As they drove up to make further investigation, one of the suspects, according to their testimony, fired a pistol in the direction of the patrol car. The bullet fired from the pistol struck the automobile. One of the officers returned the fire, but did not hit either suspect. The two suspects took off on foot. One officer failed to overtake the taller black, while the other officer pursued defendant and tried to stop him. The officer shot the defendant in the face with a pistol bullet as he failed to obey the officer’s command to “hold it.” He was taken to the hospital forthwith where after medical treatment, he got well and was tried. The other fleeing suspect was never caught.
The officers found at the scene of the apprehension the money box, a rubber mask and pillow case, all identified by the victim and placed in evidence.
The defendant took the stand and admitted that he was present about two blocks from the scene of the robbery when the officers drove up, and also a> .nitted that when he saw them, he fired his pistol in the air and ran because he was on parole at the time and was carrying a pistol in violation of his parole.
He contended that he was in this particular neighborhood to find a girl friend, but denied he was guilty of the robbery. He said he saw two blacks, one short and one tall.
*420 He admitted that in each of the years 1955, 1962, 1963 he was convicted of robbery, and in 1961 was convicted twice for grand larceny. These convictions were addressed to his credibility as to his truthfulness on the stand.
Conflicts of evidence as to the dress of the defendant and the color and caliber of the pistol fired by defendant and the one used in the robbery were for the jury to resolve, which they did, and is not for resolution in this Court.
We think the motion to exclude the evidence when the State rested was properly overruled.
Appellant contends that certain arguments of the prosecuting Deputy District Attorney were error. We think that these arguments to which objections were made were free of prejudicial effect. It was a way the prosecuting attorney had in appealing for law enforcement and the suppression of crime. It is common practice of the news media to inform the public of the seriousness of law violations, likewise it was the prerogative of the prosecution to appeal to the jury for cooperation in law enforcement. Vol. 6A, Ala.Digest, Criminal Law, § 723(3).
We have read the entire record and hold that the circumstantial evidence presented a factual issue of guilt vel non for the jury to decide. We affirm this verdict and the judgment of guilt.
The foregoing opinion was prepared by the Honorable BOWEN W. SIMMONS, Supernumerary Circuit Judge, serving as a judge of this Court under § 2 of Act No. 288, July 7, 1945, as amended; his opinion is hereby adopted as that of the Court.
AFFIRMED.
TYSON, HARRIS, DeCARLO and BOOKOUT, JJ., concur.