BOWEN W. SIMMONS, Supernumerary Circuit Judge.
Appellant was indicted for robbery, plead not guilty on arraignment in the presence of his attorney, tried before a jury, and convicted with punishment fixed at ten years imprisonment. Judgment was rendered accordingly, and this appeal followed. Employed counsel represented defendant at nisi prius, and the same employed counsel represents him here.
The victim of the robbery, Robin Wood-ham, testified that on the night of February 1, 1975, between 7:00 and 7:30 P.M., while she was on duty with a Kentucky Fried Chicken unit, a man entered the building where she was employed, wearing a hose or stocking mask and a helmet. He brandished a shot gun. Responding to his demand, she emptied the cash register of money, placed it in a Kentucky Fried Chicken paper bag. Responding further to the robber’s demand, she then got a deposit bag of money from under the register and gave both bags to him. The witness viewed a man who was brought to the courtroom and identified him as the robber. The man was Howard Duncan, who testified as a witness for the State and implicated appellant-defendant as a person who waited outside in a “get-away” motor vehicle. Duncan testified that he and appellant-defendant went back to Duncan’s home, from where they left to commit the robbery, and counted and divided the money in the bathroom of Duncan’s home.
Sue Duncan, wife of the accomplice, Howard Duncan, testified about the association of her husband and defendant during the early part of the day; that her husband and defendant returned to her home about 8:30 P.M., on the evening of February 1, 1975, the day of the alleged robbery, and that her two sisters were at the house at that time. She testified the two men ate supper then went outside, after which she heard a commotion in the bathroom, at which time and place she saw her husband and appellant-defendant in the bathroom counting paper money, and she saw a Kentucky Fried Chicken bag on the floor of the bathroom. She further testified that the two men stayed in the bathroom approximately forty-five minutes; that appellant was first to leave the bath *209 room and that he immediately left their home.
Another witness, Joyce Westmoreland, sister of Mrs. Duncan, testified she was present at the home of her sister and that Duncan and defendant were in the bathroom for about twenty minutes. This testimony jibed with that of Mrs. Duncan, but she did not testify that she saw them in the bathroom counting the money.
There was considerable testimony which corroborated that of the accomplice, Howard Duncan, but suffice it to say that Mrs. Duncan’s testimony and that of her sister was sufficient, along with other testimony, for the jury to draw an inference therefrom connecting defendant with the robbery. The testimony is rather lengthy and further recitals therefrom would unduly burden this opinion.
Defendant took the stand and denied any participation in the robbery. Evidence was offered that tended to establish an alibi, as well as his good character. The evidence was conflicting and presented a factual issue for the jury. The jury resolved these conflicts against the defendant with a verdict of guilty.
I
Appellant seeks a reversal of the judgment on the ground that the verdict is contrary to the great weight and preponderance of the evidence presented by the State in the trial of the cause.
It is true that the jury based its verdict solely on circumstantial evidence as set forth in the transcript as appellant points out. It is said in Creel v. State, 53 Ala.App. 504, 301 So.2d 267 (1974), as follows:
“ . . . Circumstantial evidence is entitled to the same weight that direct evidence is entitled to provided it points to the guilt of the accused. In cases where the state relies to a great extent on circumstantial evidence for a conviction very wide latitude is allowed in making proof. Cline v. State, 25 Ala.App. 433, 148 So. 172; Willis v. State, 37 Ala.App. 185, 66 So.2d 753; Sumeral v. State, 39 Ala.App. 638, 106 So.2d 270.”
We also said in Smith v. State, 53 Ala.App. 27, 296 So.2d 925 (1974), as follows:
“The law is that a verdict of conviction should not be set aside on the ground of the insufficiency of the evidence to sustain it, unless, after allowing all reasonable presumptions of its correctness, the preponderance of the evidence against the verdict is so decided as to clearly convince the court that it was wrong and unjust. We are not so convinced. Bridges v. State, 284 Ala. 412, 225 So.2d 821; Jones v. State, 40 Ala.App. 419, 114 So.2d 575.”
We do not think there is any merit in appellant’s contentions, supra.
II
Myrtle Duncan, mother of the accomplice, Howard Duncan, the star witness for appellee, caused some disturbance in the courtroom in the presence of the jury when she asserted, partially audible, that some of the things being said by defendant’s counsel about her son were lies. She was emotional and rose from her seat at which time her remarks were called to the attention of the trial judge. The mother’s utterances were made while defense counsel was telling the jury that her son, Howard Duncan, was “one of the biggest outlaws that ever came out of North Alabama.”
The trial judge, it appears in evidence on the motion, acted promptly. He ordered that the mother be removed from the courtroom. Two deputy sheriffs executed the order.
The evidence of an attorney for defendant, when the motion was heard, reveals that the trial court “admonished” the jury *210 relative to the utterances, but he did not remember the judge’s words. This witness also testified that the court overruled defendant’s motion for a mistrial.
The transcript shows on p. 337, during the argument, the following:
“MR. WILKES: We move for a mistrial.
“THE COURT: Ladies and gentlemen, disregard anything you might have seen or heard and completely eliminate it from your mind, from your decision in this case. As a matter of fact, hold it against anything you might have heard. Lean over backwards to disregard it. Don’t let it effect you in any way whatsoever. Overrule your motion for a mistrial.”
The trial court overruled the motion for a new trial.
It appears to us that the mother’s emotional utterances occurred when defense counsel was accusing her son of being the most noted outlaw in north Alabama. The jury heard her son’s admissions as to his criminal record and convictions. In view of these admissions, the jury was able to appraise the truth vel non of the accusation of defendant’s attorney, free of any emotional reply of the mother. The admonishment of the court was sufficient to eradicate any effect that the utterances might have occasioned. Scott v. State, 47 Ala.App. 509, 257 So.2d 369.
Denial of a mistrial and the court’s action in overruling the motion for a new trial were both free of error.
The foregoing opinion was prepared by the Honorable BOWEN W. SIMMONS, Supernumerary Circuit Judge, serving as a judge of this Court under § 2 of Act No. 288, July 7, 1945, as amended; his opinion is hereby adopted as that of the Coj»rt.
AFFIRMED.
All the Judges concur.