BOOKOUT, Judge.
Receiving and concealing stolen property ; sentence: ten years imprisonment.
The appellant was indicted and convicted of receiving and concealing stolen property. For the purposes of this appeal, the relevant portion of the indictment reads as follows:
“ . . . did buy, receive, conceal or aid in concealing, One (1) silver and black metal footlocker, Three (3) mens black suits, Three (3) pairs of mens shoes, One (1) large wall clock, One (1) small table clock . . . the personal property of George Benderson

There was sufficient evidence presented at trial to convict the appellant of receiving and concealing stolen property in regard to the footlocker. The value of the footlocker was proved to be approximately $50.00. It was sufficient to prove so much of the indictment as to show that the appellant had committed a substantive offense set out therein. Porter v. State, 58 Ala. 66 (1877); Blakeney v. State, 244 Ala. 262, 13 So.2d 430 (1943); Tanner v. State, 37 Ala.App. 256, 66 So.2d 827, reversed on other grounds 259 Ala. 306, 66 So.2d 836 (1953).
I
Evidence was admitted that the appellant was in possession of a plaid bag and black hat which were also stolen from the residence of George Benderson. The appellant contends that it was error to admit the above items as it caused a fatal variance between the pleading and the proof. We do not agree.
Evidence to be competent must tend to prove or disprove issues being litigated. Slagle v. State, 39 Ala.App. 691, 108 So.2d 180 (1959). The plaid bag was found in the trunk of the appellant’s car, alongside the footlocker. The hat was found in the footlocker. The State had the burden of proving the footlocker was the same footlocker which belonged to George Bender-son. Obviously evidence concerning the hat and bag was highly relevant as to the identity of the footlocker.
II
 The appellant had previously been convicted of burglary. This fact was brought out at trial. In his closing argument, the State’s prosecutor made two statements concerning the appellant’s prior conviction. The statements were as follows :
“. . .It affects his ability under the law, to tell the truth ....

“But I submit to you he has done it one time, and that he will do it again.”
The appellant objected to each statement, and the trial court promptly sustained the objections. The trial court also admonished the jury to ignore the statements.
The appellant contends the trial court erred in not granting a mistrial as the State’s closing argument was so prejudicial as to be ineradicable by the proper ruling *246 of the trial court. There is no legal standard by which prejudicial qualities of improper remarks of the prosecutor at trial can be gauged, and each case must be determined on its merits. Smith v. State, 282 Ala. 268, 210 So.2d 826 (1968). Statements made by the prosecutor in argument to the jury must be viewed as in the heat of debate, and such statements are usually valued by the jury at their true worth and are not expected to become factors in the formation of a verdict. Bullard v. State, 40 Ala.App. 641, 120 So.2d 580 (1960).
We hold that neither of the two statements were so grossly improper and highly prejudicial as to be ineradicable by a proper admonition of the trial court. In addition, the cumulative effect of the two statements did not create an atmosphere of bias and prejudice which would be incapable of eradication by prompt action by the trial court. Scott v. State, 47 Ala.App. 509, 257 So.2d 369 (1972).
AFFIRMED.
TYSON, HARRIS and DeCARLO, JJ., concur.
CATES, P. J., not sitting.