Appellant-defendant, an indigent on this appeal, but not at the trial level, was indicted for rape. A jury convicted him and fixed his punishment at fifty years imprisonment.
The alleged offense had its origin when appellant, standing in the road, waved the victim to stop. She obeyed under the impulse that he was stopping her because of road construction. He forcibly intruded into the automobile and directed the victim to drive to an isolated spot where the alleged rape occurred. *Page 1195 
Appellant first proceeded to perform oral sex on the victim. He next proceeded to insert his penis in her vagina. The details of the rape were especially revolting in view of the fact the victim was several months pregnant at the time of the rape.
 I
Appellant contends that the failure of the State to read the indictment to the jury constituted error because neither the jury nor the appellant was informed of the charge against him.
It appears in the record that appellant, with his attorney present, was duly arraigned and informed of the indictment for rape. He entered a plea of not guilty. Issue was thus joined.
Appellant states in his brief:
 "* * * Without this information the jury under the prevailing case law in Alabama is never charged with the case nor is the defendant ever put in jeopardy."
An issue of former jeopardy and the law applicable thereto is not involved in this appeal. We therefore pretermit discussing applicable law.
Suffice it to say that the district attorney in his opening statement told the jury:
 "* * * This is a rape case which took place back on 10-26-76 * * *."
He then proceeded to enlighten the jury as to the issues with respect to the nature of the case.
Appellant's counsel in his opening statement told the jury inter alia that:
 "I believe the evidence will show you or prove to you that this young man did not commit this offense. Listen closely as to how he is identified, what is said, listen closely to the experts they say they have who took fingerprints off the outside of the car. Please listen carefully and closely. At this time, Sidney Richardson tells you that he is not guilty. Thank you."
The record shows that the trial court in its oral charge informed the jury that the indictment was not evidence in the case. We quote:
 "* * * It is nothing more than a formal charge which starts off every case. It is nothing more than a formal charge to which the defendant answers by saying he is not guilty and that sets up the issue that you all decide, namely the guilt or innocence of the defendant."
We conclude that the jury was sufficiently advised by the attorneys and the court as to the nature of the case and the issues involved. Reading the indictment to the jury was unnecessary under the circumstances here shown. Jones v. State, Ala.Cr.App., 348 So.2d 1116; Odom v. State, Ala.Cr.App.,348 So.2d 277.
 II
A second contention is "* * * that the record is replete with evidence that he (appellant) was incompetent to stand trial for the offense charged. Certainly sufficient evidence existed to present a reasonable doubt to the trial judge either prior to trial or during the process of trial bringing into play the mechanisms of Title 15 Section 426 requiring a jury determination of competence. * * *" (Parenthesis added.)
In view of the fact that the trial court heard the witnesses, saw the defendant in person when he was present in court, heard his voir dire testimony on the motion, and was in good position to determine his competency to stand trial, Title 15, § 426, Code of Alabama 1940, we are unwilling to say that he abused his discretion. Granberry v. State, 184 Ala. 5, 63 So. 975 (1); Burnsv. State, 246 Ala. 135, 19 So.2d 450 (18); Moore v. State,52 Ala. App. 179, 290 So.2d 246 (3). The discretion of the trial court under Title 15, § 426, Code of Alabama 1940, was addressed to a determination of whether the defendant was entitled to an inquisition before a jury as to his mental status at the time of trial. The motion having been denied, it is evident such determination was adverse to defendant. We are unwilling to disturb the ruling of the court. Granberry, supra; Burns, supra. *Page 1196 
It is to be observed that in the absence of authority on the part of the court to make such determination without the aid of a jury, the trial would be open to interruption, suspension, or delay at the election of the appellant or his counsel. We do not think that Pate v. Robinson, 383 U.S. 375, 86 S.Ct. 836,15 L.Ed.2d 815, precludes a preliminary determination by the trial court as to the existence vel non of reasonable grounds to support the motion relating to appellant's mental competency to stand trial. As we have already noted we will not disturb the court's denial of the motion.
 III
A third contention of error is that the court failed to require the State to establish a chain of custody of the known fingerprint before admitting it in evidence.
It appears in the evidence that Deputy Sheriff James A. Howell, a qualified fingerprint and classifying expert, lifted some latent fingerprints from the victim's automobile in which appellant forcibly intruded and rode to the scene of the rape. These prints were marked Exhibit No. 8 for identification.
It further appears that a known fingerprint card was marked Exhibit No. 9 for identification. Sgt. Couch, a police officer, testifying on voir dire out of the jury's presence, stated that Exhibit No. 9 was a fingerprint identification card with the fingerprints of appellant on it; that it was made on October 12, 1976, about 11:50 p.m. after appellant was arrested. He stated that he was present along with Sgt. James Earl Smith when the print was taken or made. Witness Couch testified also that the card was in the same condition as it was when he last saw it. He further stated that the card had not been in his possession or under his control after Sgt. Smith took it on October 12, 1976.
Deputy Howell was then placed on the stand and testified that James Earl Smith and Sgt. Couch gave him the card, (Exhibit No. 9) the next day, October 13, 1976, and that it had been kept in his files, under his care, custody and control since then. He also said that it was in the same condition as it was when he got it on October 13.
Deputy Howell, on being shown Exhibit No. 8 (the latent print card showing fingerprints lifted from the automobile) testified that it was in the same condition, or practically the same condition, as it was when he "put that card together on October 12, 1976." Exhibit No. 8 was admitted in evidence.
The court overruled objection to Exhibit No. 9, based on the break in the chain of custody, and admitted this exhibit in evidence.
We think under the evidence that the court and the jury could both infer from the evidence that Exhibit No. 9 (the known print) was in the same condition as it was when it was made on October 12, 1976, by Sgt. Couch and Sgt. Smith. Chafin v. State, Ala.Cr.App., 333 So.2d 599 (10), cert. den. Ala., 333 So.2d 609. Sgt. Couch's testimony established this condition. The failure to require Sgt. Smith to establish his custodial possession was not prejudicial to appellant. ARAP Rule 45. We are unwilling to reverse on account of this custodial omission.
Besides, we fail to see how Exhibit No. 9 (the known fingerprint card) could be altered, erased or changed without some smudges, erasures or abrasion appearing on the face of the card. The chances the card would not show such a change would be remote. The court observed the card and so did the jury.
 IV
The fourth contention of error is that the cumulative effect of numerous improller remarks of the Deputy District Attorney made during his closing argument was prejudicial and is cause to reverse.
We first wish to quote this Court's observation in Scott v.State, 47 Ala. App. 509, 257 So.2d 369:
 "Ordinarily there are three situations in which improper argument may be the basis for reversal. The first of which is *Page 1197 
an argument which is so grossly improper and highly prejudicial as to be ineradicable by proper ruling of the judge. Anderson v. State, 209 Ala. 36, 95 So. 171. Second, is argument which in its cumulative effect creates an atmosphere of bias and prejudice which no remarks by the trial court could eradicate. Blue v. State, 246 Ala. 73, 19 So.2d 11. It differs from the first type of improper argument in that no single remark would be sufficient justification for reversal. Instead, the cumulative nature of the remarks creates an atmosphere of prejudice which requires reversal. Finally and obviously, is prejudicial argument which the judge fails to rule on properly."
Thus, under Scott, supra, we must decide if there were:
(1) any improper rulings by the court;
(2) any ineradicable argument, and
(3) any cumulative nature of the remarks creating an unfair atmosphere of prejudice.
We catalogue below (A through N) the argument or remarks to which objections were interposed and the several rulings of the trial court and the exclusions. We also include in each catalogued area our judicial opinion as to each.
 A. "MR. GOMANY: Deputy Howell, who is the fingerprint technician, who is used in the courtroom almost daily and had to go to Bessemer today . . .
 MR. PURVIS: We object to that type of argument, may it please the Court.
THE COURT: Sustain the objection."
* * * * * *
It appears that the Deputy District Attorney was trying to bolster Deputy Howell's, expertise by his frequent testimony as a witness and possibly his busy schedule. There is no testimony as to how many times he has testified. The court sustained the objection. This argument was not ineradicable, and since there was no motion to exclude, there was no error. Hipp v. State,47 Ala. App. 580, 258 So.2d 920 (2).
Also, the observation that Howell "* * * had to go to Bessemer today * * *" was too incomplete to be prejudicial. Embrey v.State, 283 Ala. 110, 214 So.2d 567 (17).
 B. "MR. GOMANY: Now is your chance to do something about it.
Mr. Simmons can't do anything about it.
MR. PURVIS: I object. That's improper argument.
THE COURT: Overruled."
* * * * * *
This apparently is a call for law enforcement and a statement that the victim's husband could not "* * * do anything about it."
We consider this statement a call for law enforcement and hence permissible argument. Brown v. State, Ala.Cr.App., 335 So.2d 418
(2); Hawes v. State, 48 Ala. App. 565, 266 So.2d 652 (9).
It is a basic principle that the State had the duty to enforce the law and not the victim's husband. It was permissible argument. Jackson v. State, 239 Ala. 38, 193 So. 417 (8).
C. "MR. GOMANY: The responsibility is yours.
 MR. PURVIS: I object to that last statement, may it please the Court.
 THE COURT: I'll sustain it. Disregard it, ladies and gentlemen."
* * * * * *
This, too, was a call for law enforcement. Brown, supra.
 D. "MR. GOMANY: People complain about plea bargaining . . .
MR. PURVIS: I object to that.
THE COURT: Sustained."
* * * * * *
This, also, was possibly a call for law enforcement. It is too incomplete to be labeled as prejudicial to appellant. Embrey, supra.
 E. "MR. GOMANY: You need to send the message out to people like that if they do things like this, you're *Page 1198 
gone. We're gonna hit you with a good sentence.
MR. PURVIS: We object.
THE COURT: Overruled."
* * * * * *
This is an appeal for law enforcement and was permissible.Brown, supra.
 F. "MR. GOMANY: They're calculating their chances of getting caught. They're calculating the punishment.
MR. PURVIS: We object.
THE COURT: Overruled."
* * * * * *
We consider this a call for law enforcement. Brown, supra.
 G. "MR. GOMANY: The State's case has been completely uncontradicted.
MR. PURVIS: We object.
THE COURT: Overruled."
* * * * * *
This argument was permissible. It does not violate Title 15, § 305, Code of Alabama 1940, prohibiting comments on appellant's failure to testify. Littlefield v. State, 36 Ala. App. 507,63 So.2d 565 (12), cert. den., 258 Ala. 532, 63 So.2d 573; Ala. Digest Vol. 6A, 721 (5); Swain v. State, 275 Ala. 508,156 So.2d 368 (12), 380 U.S. 202, 85 S.Ct. 824, 13 L.Ed.2d 759.
 H. "MR. GOMANY: Nowhere did I hear him say Sidney Richardson should be found not guilty because he's innocent.
MR. PURVIS: We object.
THE COURT: Overruled."
(Emphasis added.)
* * * * * *
This argument seems to be a reply to something appellant's counsel said in his argument to the jury. The underscored words so indicate. The trial court had the opportunity to hear all the arguments and was in position to evaluate the same.
There is no legal standard by which prejudicial remarks by a district attorney can be gauged. Rather, each case must be determined by its own merits. Evans v. State, Ala.Cr.App.,338 So.2d 1033 (18). Wide latitude is given to the district attorney in making reply to argument previously made. Evans, supra (19).
In view of the ambiguity in the asserted argument, we will not say it was prejudicial and put the court in error for overruling the objection.
 I. "MR. GOMANY: I saw him smoking Kool cigarettes yesterday morning. MR. PURVIS: We object.
THE COURT: Sustained.
MR. PURVIS: We move for a mistrial.
 THE COURT: Overrule the motion. Ladies and gentlemen, disregard that statement made by Mr. Gomany. What he saw has nothing more to do with this case than flying to the moon. It's what you hear from this stand up here, what you yourself see and hear. What he saw is inadmissible.
MR. PURVIS: We except."
* * * * * *
The ruling was favorable to appellant. The court ex mero motu excluded the remarks and instructed the jury not to consider the same.
In view of the ruling and the exclusion we think the court correctly overruled the motion for a mistrial.
 J. "MR. GOMANY: That man is a dangerous man. Otherwise the State of Alabama wouldn't be up here . . .
MR. PURVIS: I object.
 THE COURT: Sustained. I instruct the jury to disregard and not pay any attention to otherwise the State of Alabama would not be up here. Proceed."
* * * * * *
The court sustained appellant's objection and ex mero motu excluded the remark. This was sufficient. Additionally, it is a legitimate inference that a rapist is dangerous. The second remark is incomplete, but it was excluded. *Page 1199 
 K. "MR. GOMANY: It could have been any one of you ladies on the jury or a relative.
MR. PURVIS: I object.
 THE COURT: Sustained. Disregard that, ladies and gentlemen.
 MR. GOMANY: If you want the streets of the State of Alabama to be safe, now is the time for you to do something about it.
MR. PURVIS: Object.
THE COURT: Overruled."
The first objection was sustained and the jury instructed to disregard the remark. The ruling and exclusion made the remark harmless. The second comment was an appeal for law enforcement.Brown, supra.
 L. "MR. GOMANY: Which means the State of Alabama, you, all of you . . .
MR. PURVIS: Object.
THE COURT: Overruled."
This remark was an appeal for law enforcement. It was permissible. Brown, supra.
 M. "MR. GOMANY: You ladies and gentlemen, the people of Jefferson County, Alabama are also the victims of that rape.
MR. PURVIS: Object.
THE COURT: Sustained.
 Disregard that, ladies and gentlemen. You are not the victims in any sense of the word."
These remarks were incomplete and we fail to see the import. We will not disturb the court's ruling. Embrey, supra.
The action of this court in instructing the jury to disregard the remarks, supra, was sufficient to remove the adverse impact, if any, on the jury.
It is to be noted that there was no motion for a new trial and no motion for a mistrial alleging the cumulative effect of the arguments was prejudicial to defendant. The only motion for a mistrial was under argument "I", supra. That motion was not buttressed with any grounds to support it. We pretermit discussing the necessity vel non for a motion properly based on cumulative effect.
Suffice it to say we are not convinced that the judgment should be reversed and the cause remanded because the cumulative effect of the argument allegedly created bias and prejudice in the minds of the jury against appellant.
It is our opinion that the court's rulings were free of error and that the judgment should be affirmed and it is so ordered.
The foregoing opinion was prepared by the Honorable BOWEN W. SIMMONS, a retired Circuit Judge, serving as a Judge of this Court, under the provisions of § 6.10, of the new Judicial Article (Constitutional Amendment No. 328); his opinion is hereby adopted as that of the Court.
AFFIRMED.
All the Judges concur, except BOWEN, J., who concurs in result only.
 *Page 1