DeCARLO, Judge.
Buying, receiving, concealing stolen property; three years, with ninety days imprisonment and the remainder on probation, and a fine of $500.
The State’s evidence showed that on July 19, 1978, several individuals broke into Valley Mart Grocery in rural Etowah County and took a quantity of merchandise, including cigarettes and canned goods. Barney Cason and Thomas Brown testified that they participated in the burglary and then sold the stolen goods to the appellant. Both men stated that they told the appellant the merchandise was stolen.
Officer Gerald Bethune participated in the execution of a search warrant at the appellant’s place of business. He found merchandise there which matched the description of items taken during the burglary and which was later identified by the proprietors of Valley Mart Grocery.
Appellant introduced evidence that he did not know the goods were stolen, that he had *1242 in fact bought merchandise from Cason and Brown, but that they had informed him they were closing down a store and selling out their inventory.
I
Appellant’s only contention is that the trial court erred by allowing the State to introduce evidence that cigarette cartons were among the items found in the search of his premises, and that he and Officer Bethune had an “altercation” when Bethune examined the cigarettes during the search. Appellant argues that, because he was not charged with receiving stolen cigarettes, it was error to admit evidence pointing to a collateral offense not charged in the indictment.
In our judgment, the trial court did not err by allowing evidence that cigarettes were found during the search and that appellant balked at Officer Bethune’s attempt to examine the cartons. Prior to Bethune’s testimony, the storekeeper testified, without objection, that the first items he noticed missing after the burglary were the cigarettes. Later, Brown, one of the burglars, testified without objection that cigarettes were among the stolen items he sold the appellant.
At any rate, evidence that the search revealed cigarettes pointed to one continuing offense and tended to identify the cigarettes as having been stolen with the canned goods, see Waters v. State, Ala. Cr.App., 360 So.2d 358, cert. denied, Ala., 360 So.2d 367 (1978), and was a circumstance to which the jury might look in determining appellant’s guilt, see Coplon v. State, 15 Ala.App. 331, 73 So. 225 (1916). See also Beckley v. State, Ala.Cr.App., 335 So.2d 244 (1976).
We have searched the record for error and have found none; the judgment of conviction by the DeKalb Circuit Court is therefore affirmed.
AFFIRMED.
All the Judges concur.