TYSON, Judge.
Bruce DeWayne Casey was indicted for robbery in the first degree in violation of § 13A-8-41, Code of Alabama 1975.
The appellant plead guilty to the reduced charge of attempted robbery in the first degree. The trial judge sentenced the appellant to life imprisonment in the penitentiary according to the provisions of the Alabama Habitual Offender Act.
I
The only issue the appellant raises on appeal is whether the trial court erred by denying the appellant’s motion for a psychiatric examination. The trial judge held a hearing on the motion to determine if there existed a bona fide doubt as to the appellant’s competency to stand trial which would require a sanity determination hearing. Pate v. Robinson, 383 U.S. 375, 86 S.Ct. 836, 15 L.Ed.2d 815 (1966), Pierce v. State, 52 Ala.App. 422, 293 So.2d 483 (1973). See also § 15-16, 21, Code of Alabama 1975.
The couple, with whom the appellant lived, testified that the appellant had an uncontrollable temper, was immature and was a loner. They stated he sometimes exhibited abnormal and erratic behavior by his severe mood changes. After the hearing, the trial judge stated that:
“... although Mr. Casey may be short-tempered, irritable, surly, and so forth, there has been no showing to the Court that there is reasonable grounds to believe — any reason to believe that he is incompetent to assist counsel in the trial of the case, nor that he is mentally ill or mentally deficient.”
After a complete review of the record here presented on appeal, and since the trial judge was in the best position to first determine the appellant’s competency, as above stated, we are of the opinion that the trial judge did not abuse his discretion in denying appellant’s motion. Richardson v. State, 354 So.2d 1193 (Ala.Cr.App.1978), Holland v. State, 376 So.2d 796 (Ala.Cr.App.1979), cert. denied, 376 So.2d 802 (Ala.1979).
Therefore, this conviction is hereby affirmed.
AFFIRMED.
All the Judges concur.