The appellant Rodney Abijah Thompson, Jr., was convicted of murder, in violation of § 13A-6-2, Code of Alabama 1975, and sentenced to life imprisonment. Three issues are raised on appeal.
The evidence presented by the State tended to show that on September 6, 1986, Bridgett Ryder failed to show up for a meeting with her father. Later that afternoon, appellant called asking for Bridgett, who was his ex-wife. By 8:00 p.m., her father, Robert Ryder, became worried because he still had not heard from his daughter, so he called the police and asked them to meet him at Bridgett's apartment. Arriving at Bridgett's apartment, they found her car there but the apartment was locked and no one answered. There was, however, a note from appellant affixed to the door knob. The police advised Ryder to wait until morning before they entered Bridgett's apartment. There was still no answer at Bridgett's the next morning, so the landlady let Ryder and the police into Bridgett's apartment. Lying face down on the living room floor in a pool of blood was Bridgett Ryder's body. She had been beaten and her throat was cut.
There were no signs of forced entry into the apartment. However, the mirror over the living room fireplace had the words "You play, you pay, she talked, she died" written on it in red lipstick. Expert testimony later identified the handwriting on the mirror as appellant's. Fingerprints lifted from the deceased's telephone were also determined to be the appellant's.
Robert Ryder told police that the appellant was in debt to gamblers for $10,000, that the gamblers had asked appellant to kill someone, and that the gamblers were "keeping an eye on" Bridgett and her son. Kathleen Ryder, mother of the deceased, told authorities that in the month prior to her death, Bridgett's relationship with the appellant was very poor. The deceased's sister, Kelly, corroborated this. Kelly stated that she had in the past year witnessed arguments between Bridgett and the appellant. On at least one occasion, she said, she believed appellant hit Bridgett on her face. Moreover, Bridgett's date, on the night prior to her death, witnessed the beginning of an argument between the two. When he took Bridgett home, the appellant was waiting outside the deceased's apartment and wanted to know "[w]here the fuck have you been?" Appellant also admitted to the police that he had slapped Bridgett around in the past and on at least one occasion had hit her with other objects.
 I
Appellant first contends that the trial court erred in denying his motion for a mistrial based on a remark made by the State in closing argument which he contends was a comment upon his failure to testify. The statement objected to referred to a comment made by the appellant to the Mobile police that, "[W]ell I tell you, I didn't do shit. But if I did, you're too damn stupid to prove it." Defense counsel in his closing argument commented that this statement had not been recorded by police officers in any manner. The prosecution responded in closing argument to this statement by defense counsel in the following manner:
 "MR. GALANOS: In his argument Mr. Hanley only said, 'Well the police never wrote it down.' In his argument he does not deny that his client said —
 "MR. HANLEY: Your honor, I object to — May we approach the bench?"
During the ensuing bench conference defense counsel moved for a mistrial, alleging that the previous statement was a comment by the prosecution on his client's failure to testify. The motion for a mistrial was denied, and the trial court's offer to give curative instructions was refused by defense counsel. *Page 779 
A motion for mistrial implies a miscarriage of justice and is such a serious matter that it should be granted only where there is a fundamental error in the trial which would vitiate the result. Montgomery v. State, 446 So.2d 697, 702
(Ala.Cr.App. 1983), cert. denied, 469 U.S. 916, 105 S.Ct. 291,83 L.Ed.2d 227 (1984).
Before a prosecutor's comment will be interpreted as an unlawful comment upon the failure of the accused to testify, there must be a direct reference to the accused alone as an individual who has not become a witness. Griffin v. State,393 So.2d 523, 528 (Ala.Cr.App. 1981). The prosecutor's remark in the present case made reference to defense counsel's statement not denying something, not the appellant. We hold that this was not a comment on appellant's failure to testify. Moreover, defense counsel denied the trial court's offer of curative instructions. A similar situation was addressed by this court in Henry v. State, 468 So.2d 896, 900-01 (Ala.Cr.App. 1984),cert. denied, 468 So.2d 902 (Ala. 1985), wherein Presiding Judge Bowen, writing for the court, stated as follows:
 "In the present case, the comment was, at most, an indirect reference to the defendant's failure to take the stand, cf. Ex parte Tucker, [454 So.2d 552 (Ala. 1984)], and its prejudicial nature could, therefore, have been eradicated by the prompt action of the trial judge, see Nix v. State, 370 So.2d 1115 (Ala.Cr.App.), cert. denied, 370 So.2d 1119 (Ala. 1979). 'Where the trial court immediately charges the jury to disregard the prosecutor's improper remarks, there is a prima facie presumption against error.' Nix v. State, 370 So.2d at 1117.
 " 'The trial court can cure such a prejudicial statement, so that any error is harmless, by appropriate instructions to the jury which include "that such remarks are improper and to disregard them; that statements of counsel are not evidence; that under the law the defendant has the privilege to testify in his own behalf or not; that he cannot be compelled to testify against himself; and that no presumption of guilt or inference of any kind should be drawn from his failure to testify." ' Coble v. City of Birmingham, 389 So.2d 527, 535 (Ala.Cr.App.), cert. denied, 389 So.2d 535 (Ala. 1980) (quoting Whitt v. State, 370 So.2d 736, 739 (Ala. 1979)).
 "See also Meade v. State, 381 So.2d 656
(Ala.Cr.App.), cert. denied, 381 So.2d 659 (Ala. 1980)."
 "In the case before us, defense counsel acquiesced in the trial court's decision not to caution the jury and, thus, he cannot seek to predicate error on the denial of his motion for a mistrial. 'A motion for mistrial should not be granted where the prejudicial qualities of the comment can be eradicated by action of the trial court.' Nix v. State, 370 So.2d at 1117."
 II
Appellant next contends that the trial court erred in allowing testimony from the victim's mother as to the relationship between her daughter and the appellant which was based upon what her daughter had told her before her death.
Our examination of the record, however, reveals that defense counsel made no objection to this question until it had already been asked and answered. Furthermore, appellant then received a favorable ruling on his objection. Where a question is asked and answered before an objection is made, the objection comes too late, and the trial court's ruling is not error. Reeves v.State, 456 So.2d 1156, 1160 (Ala.Cr.App. 1984); Thomas v.State, 440 So.2d 1216, 1218 (Ala.Cr.App. 1983). Appellant has failed to preserve this issue for appellate review.
We further note that even if this issue had been preserved, appellant's claim would not prevail. The case relied upon by appellant, Bryars v. State, 456 So.2d 1136 (Ala. 1984), is distinguishable from the instant case in that the bulk of the State's proof consisted of hearsay testimony in Bryars. Id. at 1139. In the instant case, both Kelly Ryder and Richard Thompson gave eyewitness testimony that the appellant's *Page 780 
relationship with the victim, Bridgett Ryder, was poor. Testimony which may be apparently illegal upon admission may be rendered prejudicially innocuous by subsequent or prior lawful testimony to the same effect or from which the same facts can be inferred. Bell v. State, 466 So.2d 167, 174 (Ala.Cr.App. 1985); Ware v. State, 409 So.2d 886, 893 (Ala.Cr.App. 1981);Henson v. State, 407 So.2d 590, 594 (Ala.Cr.App. 1981). The evidence added little and was in effect cumulative to admissible evidence, and any error resulting from receiving the statement by the victim's mother was harmless.
 III
Appellant's final contention is that the trial court erred in denying his motion for a directed verdict of acquittal due to the State's failure to present sufficient evidence of his guilt. We find the evidence sufficient for the case to be put to the jury and to sustain the verdict of guilty.
However, the mere fact that some evidence is circumstantial does not make it deficient; circumstantial evidence is entitled to the same weight as direct evidence. Linzy v. State,455 So.2d 260, 262 (Ala.Cr.App. 1984). The test of the sufficiency of circumstantial evidence is not whether the possibility exists that someone other than the accused committed the crime, but rather whether the evidence excluded every reasonable hypothesis but that of the accused's guilt. Cumbo v. State,368 So.2d 871, 874 (Ala.Cr.App. 1978), cert. denied, 368 So.2d 877
(Ala. 1979). When viewed in the light most favorable to the prosecution, the evidence was sufficient to allow the jury to reasonably find that the evidence excluded every reasonable hypothesis except that of appellant's guilt. All material circumstances in the evidence pointed to appellant's guilt.
The judgment of the trial court is hereby affirmed.
AFFIRMED.
All the Judges concur.