JAMES H. FAULKNER, Retired Justice.
Frank Collins was indicted for the offense of unlawful distribution of a controlled substance in violation of § 13A-12-211, Code of Alabama 1975. The jury found Collins guilty as charged in the indictment, and he was sentenced to 10 years in the penitentiary. Three issues are raised on appeal.
I
Collins contends that the trial court erred in admitting, over Collins’s objection, evidence of a prior sale of a controlled substance by Collins to an undercover agent.
In response to the prosecutor’s question, Agent John Richardson of the Alabama Alcoholic Beverage Control Board testified *993 that on July 6, 1989, Collins sold him a $20 piece of “crack” cocaine. According to the prosecutor, this testimony was offered for the purpose of establishing Collins’s identity as the same person who sold cocaine to Richardson on July 19, 1989, the date of the instant offense.
Because Collins’s objection to this question was made after the question had been answered, Collins has failed to preserve this issue for appellate review. Thompson v. State, 527 So.2d 777 (Ala.Cr.App.1988).
We note that even if this issue had been properly preserved for review, evidence of distinct and independent offenses is admissible in the trial of a person accused of a specific crime when its purpose is to establish identity. Briggs v. State, 549 So.2d 155 (Ala.Cr.App.1989). Because identity of the seller of the cocaine is an element of the offense which the state must prove, it was proper for the trial court to allow the testimony of the July 6, 1989, transaction for the limited purpose of showing identity, particularly in light of the court’s lengthy instruction to the jury to limit consideration of that testimony to the issue of identity only.
II
Collins contends that the trial court erred in admitting into evidence the white powdery substance labeled “State’s Exhibit 1” prior to expert testimony which identified the substance as cocaine and which properly established the chain of custody as to the exhibit.
Although we agree that State’s Exhibit 1 should not have been admitted until after the identification and chain of custody predicates had been established, Collins failed to object to the premature admission of the evidence.
“The trial court is not in error if inadmissible testimony comes in without objection and without a ruling thereon appearing in the record. The testimony is thus generally admissible and not limited as to weight or purpose.” Ex parte Neal, 423 So.2d 850, 852 (Ala.1982). An issue raised for the first time on appeal is raised too late for review. Because Collins failed to raise this issue below, State’s Exhibit 1 was properly admitted into evidence.
Ill
Collins contends that there was insufficient evidence to establish a prima facie case of unlawful distribution of a controlled substance. We disagree.
“In determining the sufficiency of the evidence to sustain the conviction, this court must accept as true the evidence introduced by the state, accord the state all legitimate inferences therefrom, and consider the evidence in the light most favorable to the prosecution.” Faircloth v. State, 471 So.2d 485, 489 (Ala.Cr.App.1984), aff’d, 471 So.2d 493 (Ala.1985). Where, moreover, the state establishes a prima fa-cie case, conflicting evidence presents a jury question, which is not subject to review on appeal. Willis v. State, 447 So.2d 199, 201 (Ala.Cr.App.1983).
Section 13A-12-211(a), Code of Alabama 1975, defines the crime of unlawful distribution of a controlled substance as follows:
“(a) A person commits the crime of unlawful distribution of controlled substances if, except as otherwise authorized, he sells, furnishes, gives away, manufactures, delivers or distributes a controlled substance enumerated in schedules I through V [§§ 20-2-20 through 20-2-31].”
After examining the evidence and applying the proper standards of review, we find there was sufficient evidence presented by the state to allow the jury to conclude beyond a reasonable doubt that Collins was guilty of the crime as charged. In particular, Agent Richardson testified that Collins sold him .081 grams of a rock-like substance purported to be “crack” cocaine for $20.00 on the night of July 19, 1989. The forensic expert further testified, after establishing the proper chain of custody, that the rock-like substance which Richardson purchased from Collins was cocaine, a controlled substance. Thence, the *994 evidence presented was clearly sufficient to support the jury’s determination of guilt.
The foregoing opinion was prepared by JAMES H. FAULKNER, a Retired Justice, Supreme Court of Alabama, serving as a judge of this court, and his opinion is adopted as that of this court.
The judgment of the circuit court is affirmed.
AFFIRMED.
All the Judges concur.