JAMES H. FAULKNER, Retired Justice.
Alfonzo Ward was indicted for the offense of burglary in the first degree, in violation of § 13A-7-5, Code of Alabama 1975. The jury found Ward guilty as charged in the indictment, and he was sentenced to 22 years’ imprisonment. Two issues are raised on appeal.
I
Ward contends that the trial court erred in sustaining the State’s objection to his cross-examination of the investigating officer concerning similar crimes that were committed in Jefferson County after his incarceration.
During the State’s case, Sgt. C.L. Walden, a detective sergeant for the Jefferson County Sheriff’s Department, Bessemer Division, testified that he was the detective in charge of the investigation of this burglary. On cross-examination, Ward asked Walden the following question:
“Q. Have you been involved in any other investigations related to burglaries involving — involving crimes of a sexual nature in the last — since August the 27th— 22nd, 1989?”
The trial court sustained the State’s objection to this question, and a side-bar was held outside the jury’s presence. At this time, defense counsel explained his purpose for asking the question:
“MR. ALEXANDER: There are — it is my contention that the person that did these, two are instances, or three, in which elderly ladies have been broken into through their window.
“THE COURT: In the Edgewater Community?
“MR. ALEXANDER: In the Bessemer Cut-Off area, one in Fairfield and one in Hueytown.
“THE COURT: Maybe a couple in Georgia too. It’s too remote and broad. I will sustain the objection. If you have an episode or episodes in this community, in this same geographical area, I will allow you to ask him about it if you limit it to this area.
“But as far as anyone in Jefferson County I will sustain the objection to it.”
To be competent, evidence must tend to prove or disprove issues being litigated. Beckley v. State, 335 So.2d 244 (Ala.Cr.App.1976). The trial court may exclude evidence when it is of a nature which would serve as a basis for nothing more than mere conjecture or remote inference in reference to the transaction under investigation. Trawick v. State, 431 So.2d 574 (Ala.Cr.App.1983). Unless the trial court, in deciding upon the question of remoteness, grossly abuses its discretion, its exclusion of evidence will not be considered error on appeal. Akers v. State, 399 So.2d 929 (Ala.Cr.App.1981); C. Gamble, McElroy’s Alabama Evidence § 21.01(2) (4th ed. 1991).
*779 In the case sub judice, lone Mowery, an 85-year old woman from the Edgewater Community in Jefferson County, was the victim of a burglary. The fact that burglaries of elderly women were occurring in other communities within Jefferson County after Ward was incarcerated does not raise this evidence to the level of relevant evidence. The trial court therefore properly excluded this evidence because of its limited probative value. But see Primm v. State, 473 So.2d 1149 (Ala.Cr.App.1985).
II
Ward contends that the trial court committed reversible error in allowing hearsay evidence to come in.
During the prosecutor’s direct examination of Geneva Tunnello, the next-door neighbor of the victim, the following exchange occurred:
“Q. Where do you live in comparison to Ms. Mowery?
“A. Next door to her.
“Q. Now, do you recall the early morning hours of August 22nd, 1989?
“A. Yes, ma’am, I do.
“Q. Where were you?
“A. I was in bed.
“Q. And do you recall what happened that morning?
“A. Yes, ma’am. My daughter lived— slept in the bedroom by me and she come to me and she said — ‘mama’ that was about 4:15.
“MR. ALEXANDER: Objection.
“A. And said, ‘Mama, I hear someone hollering,’ “Lord help me” ’.
“THE COURT: Overruled.
“A. About the time I got out of bed the telephone rung and it was Lifeline. And they said, ‘Lifeline, Police, Ms. Mowery.’
“Q. What did you do next?
“A. I hung the phone up and I called 911 and told them to send the police to Ms. Mowery’s, 1105 Galveston Street.
“Q. And then what happened after that?
“A. Then I dialed Ms. Mowery again and I said, ‘Mom Mowery, are you all right?’ And she said—
“MR. ALEXANDER: Objection.
“THE COURT: Overruled.
“A. Bring your key — she said bring your key, don’t come by yourself, and bring a gun.”
Although we acknowledge that this testimony constitutes hearsay evidence which does not appear to come within any recognized exception thereto, we nevertheless find the trial court’s erroneous admission of this testimony to be merely harmless error. Rule 45, A.R.App.P.
Harmless error occurs when the hearsay evidence erroneously admitted was cumulative of other admissible evidence on the Same issue. Thompson v. State, 527 So.2d 777 (Ala.Cr.App.1988).
In the instant case, the evidence of Ward’s guilt was overwhelming. In particular, the victim testified that during the early morning hours of August 27, 1989, Ward crashed into her bedroom through the window and demanded that she have sex with him. Ward then dragged the victim from her bedroom into the den where she sent a message over “Lifeline,” her alarm device, which said, “Police, Police.” The phone then rang several times, and the victim testified that her neighbor, Geneva Tunnello, was on the phone and that the victim told Tunnello to come to her house and bring the door key, her gun, and someone with her. Ward then began to hit the victim repeatedly around her head and then left the house.
The victim was able to pick Ward out of a photographic array because she had seen him on her street prior to the burglary and because he had previously asked her if he could do some yard work for her. The victim further testified that Ward was wearing an orange and black baseball cap at the time of the burglary. The fibers in the cap, which was found on the victim’s bed, matched Ward’s hair fibers. Ward’s half brother, moreover, identified the baseball cap as originally belonging to him but stated that he had given it to Ward some time before August 22, 1989. A companion of Ward’s also testified that he had dropped Ward off near the victim’s house *780 some time after 3:30 a.m. on August 22, 1989.
In light of the overwhelming evidence of Ward’s guilt, we find the trial court’s admission of Tunnello’s hearsay evidence, which was cumulative of other admissible evidence on the same issue, to be merely harmless error.
The foregoing opinion was prepared by the Honorable JAMES H. FAULKNER, a former Alabama Supreme Court Justice, and his opinion is hereby adopted as that of the court.
The judgment of the circuit court is affirmed.
AFFIRMED.
All Judges concur.