PATTERSON, Presiding Judge.
The appellant, Melvin Harold Mullís, was convicted after a jury trial of trafficking in marijuana, in violation of § 13A-12-231(l)(a), Code of Alabama 1975. He was sentenced to 12 years’ imprisonment and was fined $25,-000. He raises four issues on appeal.
I
The appellant argues that the trial court erred by denying his motion to strike certain remarks by the prosecutor and his motion for a mistrial because, he says, the prosecutor “interject[ed] prejudicial remarks” at trial regarding an uncharged marijuana sale. At trial the following occurred:
“BY MR. SLADE [prosecutor]:
“Q Did Mr. Mullís tell you whether or not he brought the other three into the transaction?
“A Yes, sir.
“Q What did he tell you about that?
“A He just said that the prices, they had discussed the prices, and uh, he told me what the — how much a pound it was, and they were all participants in it.
“Q Okay. Was that a different price than had been quoted to him?
“A That’s correct.
“Q Higher or lower?
“A Higher.
“Q So he was selling it to them?
“MR. BALL [defense counsel]: Excuse me, Judge. That’s completely — we move to strike that and we move for a mistrial. That is ridiculous. He’s not charged with selling it to them or anything. We object to him testifying like that, Your Honor.
“THE COURT: Overrule the objection.

“BY MR. SLADE:

“Q What had he brought them there for?
“A To purchase marijuana. He was quoted a price of eight hundred [dollars] (800) a pound by our informant. And he stated that he knew what our price was and that they were there to purchase it for nine hundred [dollars] a pound.”
The appellant argues that the prosecution improperly suggested that he was selling the marijuana to his codefendants and that there was no evidence to support such a suggestion.
This argument, however, is without merit. As the passage quoted above before his objection was made reveals, the appellant quoted a higher price to his codefendants than had been quoted to him; therefore, at the time of the objection, there was some evidence from which the court could determine that the appellant was reselling marijuana to his codefendants. Moreover, evidence subsequent to the objection bolstered this suggestion by the state that the appellant was buying the marijuana from the informant and reselling it to his eodefendants. Thus, the trial court did not err by denying the appellant’s motion to strike and motion for mistrial.
II
The appellant argues that the trial court erred by denying his motion for a mistrial when the jury returned inconsistent verdicts. After some deliberation, the jury returned inconsistent verdicts of trafficking in marijuana and unlawful possession of marijuana in the second degree. The trial court then stated to the jury: ‘You have indicated two verdicts here. You’re only supposed to indicate one verdict. So go retire and reconsider your matters.” The appellant moved for a mistrial on the basis of the inconsistent verdicts and contended that the jury was confused and, that by sending the jury back to deliberate, the trial court coerced the jury into returning the verdict for the more serious offense. The jury deliberated briefly and returned the verdict of trafficking in marijuana.
The appellant has failed to show how he was harmed by the trial court’s sending the jury back for further deliberations. The jury had already found him guilty of trafficking in marijuana. Moreover, that is the verdict supported by the evidence. The record simply does not reflect that the jury was coerced in any way to return the verdict for the more serious offense as he alleges. “A motion for mistrial implies a miscarriage of justice and is such a serious matter that it should be *1080 granted only where there is a fundamental error in the trial which would vitiate the result.” Thompson v. State, 527 So.2d 777, 779 (Ala.Cr.App.1988) (citations omitted). No fundamental error occurred here; therefore, the trial court properly denied the appellant’s motion for mistrial on this basis.
Ill
The appellant argues that the trial court improperly commented on the evidence. At trial, the following occurred:
“BY MR. SLADE [prosecutor]:
“Q So the two large pieces are the portions that were separated at the time by one of Mr. Mullis’[s] partners in this particular transaction?
“MR. BALL [defense counsel]: Judge, we object to ‘his partners.’ There is no conspiracy charge here or anything. He’s one of the subjects, Your Honor, and we object to him referring to—
“THE COURT: I overrule the objection. It appears to be evident.
“MR. SLADE: Nothing further at this time, Your Honor.”
The appellant argues that the trial court’s comment, “It appears to be evident,” was an improper comment on the evidence. This issue, however, is not preserved for review because the appellant faded to object to the trial court’s comment. Story v. State, 588 So.2d 948 (Ala.Cr.App.1991) (only matters timely raised before the trial court from to which the appellant receives an adverse ruling are preserved for review); Collins v. State, 586 So.2d 992 (Ala.Cr.App.1991) (matter raised for the ñrst time on appeal is raised too late for review).
rv
The appellant argues that the trial court erred by admitting two audio tapes without the proper predicates being established. He contends that the state failed to meet the seven-pronged test sanctioned by this court in Voudrie v. State, 387 So.2d 248 (Ala.Cr.App.), writ denied, 387 So.2d 256 (Ala.1980), and reaffirmed in Carraway v. State, 583 So.2d 993 (Ala.Cr.App.), cert. denied, 583 So.2d 997 (Ala.1991). The Voudrie test for audio tapes, however, was expressly rejected by this court in Jackson v. State, 594 So.2d 1289, 1296 (Ala.Cr.App.1991). Id.; see also Ross v. State, 555 So.2d 1179, 1182 (Ala.Cr.App.1989) (implicitly rejecting the Voudrie test); Molina v. State, 533 So.2d 701, 712 (Ala.Cr.App.1988), cert. denied, 489 U.S. 1086, 109 S.Ct. 1547, 103 L.Ed.2d 851 (1989) (rejecting the application of the Voud-rie test for the admission of video recordings and noting the obsolescence of that test as applied to sound recordings). To establish a proper predicate for the admission of an audio tape, the party offering the tape need only establish the accuracy and reliability of the sound recording through a witness. Jackson, 594 So.2d at 1296; Ross, 555 So.2d at 1182 (tapes admissible when shown by a witness to be “a reliable representation of the subject sound”). At trial, Officer Van Fowler acknowledged that the tapes in question “fairly and accurately represented the conversations that were recorded” at the time of the offense; therefore, the state established the proper predicate for the admission of the audio tapes.
Based on the foregoing, the judgment of the circuit court is affirmed.
AFFIRMED.
TAYLOR, MeMILLAN and MONTIEL, JJ., concur.
BOWEN, J., concurs in result only.