JOINER, Judge,
concurring in the rationale in part and concurring in the result.
I concur in the result. I agree with the majority’s conclusion that the State’s evidence was sufficient to support Surratt’s conviction for second-degree rape and that Surratt’s conviction should be affirmed. Likewise, I agree with the majority that Surratt’s ineffective-assistance-of-counsel claim is without merit. Although I agree with the statement that this Court, “ ‘[i]f it is easier,’ ” see Smith v. State, 122 So.3d 224, 241 (Ala.Crim.App.2011) (quoting Strickland, 466 U.S. at 697, 104 S.Ct. 2052), may dispose of an ineffective-assistance-of-counsel claim under the prejudice prong of Strickland, in my opinion, it is not “easier” under the circumstances here to dispose of Surratt’s ineffective-assistance-of-counsel claim by analyzing the prejudice prong first; I would, instead, hold that Surratt did not meet his burden of establishing that his trial counsel’s performance was deficient.
By addressing the prejudice prong of Surratt’s ineffective-assistance-of-counsel *843 claim first, the main opinion in essence, assumes that Surratt’s trial counsel was deficient and concludes that
“Surratt cannot show that the substance of [A.M.’s] statement was so prejudicial to his defense that admission of that evidence compromised the fairness of his trial.”
143 So.3d at 840. The main opinion reaches this conclusion by relying first on Shouldis v. State, 953 So.2d 1275, 1285 (Ala.Crim.App.2006), in which this Court held that a “victim’s testimony alone is sufficient to establish a prima facie case of either rape or sexual abuse” and secondarily on this Court’s decisions in Dawson v. State, 675 So.2d 897 (Ala.Crim.App.1995), and Thompson v. State, 527 So.2d 777 (Ala.Crim.App.1988), in which this Court discussed the erroneous admission of cumulative evidence. Thereafter, the main opinion reiterates the evidence presented at trial, which it appears to view in a light most favorable to the State, and finds that
“[w]hen the innocuous nature of A.M.’s statement is coupled with the other evidence presented by the State which strongly indicated Surratt’s guilt, it cannot be said that the outcome of the trial would probably have been different absent the reading into evidence of A.M.’s statement made at the DHR hearing.”
143 So.3d at 840-41. Thus, the main opinion concludes that Surratt suffered no prejudice because (1) the State’s evidence, without A.M.’s statement, was sufficient to support his conviction for second-degree rape and (2) the substance of A.M.’s out-of-court testimony was cumulative to the victim’s trial testimony. That analysis, however, does not adequately address the prejudice prong of Strickland.
Here, Surratt was indicted for second-degree rape, see § 13A-6-62(a)(l), Ala. Code 1975, which required the State to prove beyond a reasonable doubt that (1) Surratt was “16 years old or older,” (2) that Surratt “engag[ed] in sexual intercourse with [J.H.]” when J.H. was “less that 16 and more than 12 years old,” and (3) that Surratt was “at least [2] years older than [J.H.].”
At trial, J.H. testified that she had engaged in sexual intercourse with Surratt in March 2010 and in April 2010, when she was 15 years old. Surratt also testified at trial and conceded that he had engaged in sexual intercourse with J.H., that he was over the age of 16, and that he was at least 2 years older than J.H. Surratt, however, testified that he had first engaged in sexual intercourse with J.H. in May 2010, when J.H. was 16 years old. Thus, the only issue for the jury to resolve was whether, at the time Surratt and J.H. had sexual intercourse, J.H. was “less than 16 and more than 12 years old.” See § 13A-6-62, Ala.Code 1975. In other words, the resolution of this case turned on whether the jury put greater weight on J.H.’s testimony as to when the sexual intercourse occurred or on Surratt’s testimony as to when the sexual intercourse occurred. Although the main opinion finds that the State’s evidence “strongly indicated Sur-ratt’s guilt,” the only evidence establishing J.H.’s age at the time she engaged in sexual intercourse with Surratt was J.H.’s testimony, what J.H. had told other witnesses, and Surratt’s testimony. Because A.M.’s out-of-court testimony was used to bolster J.H.’s trial testimony as to when J.H. engaged in sexual intercourse with Surratt, I cannot conclude, as the main opinion does, that the admission of A.M.’s DHR testimony is “prejudicially innocuous.” [2]
*844 Based on the foregoing, I agree that the circuit court’s judgment is due to be affirmed.

. This is especially true given that the jury, during deliberations, asked two questions inquiring as to why A.M. was not present to testify at trial. (R. 582-95.)