220 So.2d 843

Cleophus YOUNG

v.

STATE of Alabama.

1 Div. 427.

Supreme Court of Alabama.

March 13, 1969.

Larry U. Sims and Hand, Arendall, Bedsole, Greaves & Johnston, Mobile, for appellant.

**678**

MacDonald . Gallion, Atty. Gen., and Bernard F. Sykes, Asst. Atty. Gen., for the State.

LIVINGSTON, Chief Justice.

This appeal is from a judgment of the Circuit Court of Mobile County, Alabama, finding the defendant, Cleophus Young, guilty of murder in the second degree and sentencing him to life imprisonment.

Cleophus Young was indicted for the first degree murder of one Robert Charleston. The indictment contained four counts charging first degree murder, in substance, as follows:

(1) by beating the deceased about the head with his fist,

(2) by kicking the deceased about the head with his feet,

(3) by hitting the deceased with a garbage can, and

(4) by striking the deceased with a blunt instrument, a more particular description of which is unknown.

The defendant was tried and convicted by a jury and sentenced to life imprisonment. At the trial, the defendant, and his counsel as well, consented to allow the jury to separate during the trial in accordance with the provisions of Title 30, Sec. 97(1), Code of Alabama 1940, Recompiled in 1958, Act No. 384, Reg.Sess., General Acts of Alabama 1943.

When the state rested, the defendant moved to exclude the state's evidence and for a verdict of acquittal. This motion was denied by the court. Also, certain written charges were requested by defendant, including the general charge. The general charge and some of the other written charges were refused.

After the jury returned its verdict of guilty, the defendant timely filed a motion for new trial and an amended motion for new trial restating the same grounds as in the original motion. The court duly con-

tinued the hearing of these motions until they were finally heard and overruled. Thereafter, the defendant gave timely notice of appeal.

There are five assignments of error argued.

The first assignment of error is based upon the refusal of the court to give to the jury appellant's duly-requested written charge 6, which, in substance, dealt with the principle of reasonable doubt.

■■■■ The refusal of a charge, though a correct statement of the law, shall not be cause for a reversal on appeal if it appears that the same rule of law was substantially and fairly given to the jury in the court's general charge or in charges given to the jury at the request of the parties. Taylor v. State, 276 Ala. 232, 160 So.2d 641, Title 7, Sec. 273, Code of Alabama 1940, Re-

compiled in 1958. A careful reading of the charges given by the court to the jury clearly evinces a sufficient discussion of the principle of reasonable doubt and satisfies the requirements of Sec. 273, supra. The trial judge's charge having been deemed sufficient, there is no merit in assignment of error 1.

Assignment of error 2 is based upon the action of the trial court in overruling and denying defendant's original and amended motions for new trial dealing specifically with the issue of the jury's separation during the trial of the case.

As we have previously indicated, Title 30, Sec. 97(1), supra, provides the terms under which the trial judge may allow a jury to separate. The lower court followed the provisions of this statute to the letter, e. g., the record contains the following self-explanatory agreement:

"AGREEMENT FOR JURORS TO SEPARATE

"STATE OF ALABAMA ⎫ OFFENSE MURDER 1st DEGREE

VS. ⎬ IN THE CIRCUIT COURT OF

MOBILE COUNTY, ALABAMA

CLEOPHUS YOUNG ⎭ NO. ——————

"We do hereby agree for the jury to separate during the trial of this case and during their deliberation.

Donald E. Brutkiewicz
Asst. Dist. Atty.

W. B. Hand
Attorney for Defendant

Larry A. Sims
Attorney for Defendant

Cleophus Young
Defendant.

"Filed Nov. 30, 1966

"John E. Mandeville, Clerk"

———◆———

Therefore, and as appellant argues, the trial court's action denying appellant's amended motion for new trial, based upon the court's allowing the jury to separate, can only be error if the statute under which the lower court acted is unconstitutional.

The appellant asserts that Title 30, Sec. 97(1), supra, is an unreasonable and arbitrary enactment of the legislature, that it deprives him of equal protection of the law in violation of the Fourteenth Amendment to the Constitution of the United States, and since it was passed and intended to be operative as a general law but fails to meet the formula or standards established as a requisite of such general law as opposed to a local law, it is in violation of Article 4, Secs. 106 and 110 of the Constitution of Alabama, and for all the aforementioned reasons, Sec. 97(1), supra, should be declared unconstitutional.

Appellant's argument in support of his claim that the statute denies him equal protection of the law in violation of the Fourteenth Amendment mandates is based entirely upon an attempt to draw an analogy between the situation presented here and that involving the denial of equal franchise as enunciated in the reapportionment cases, Baker v. Carr, 369 U.S. 186, 82 S.Ct. 691, 7 L.Ed.2d 663, and Reynolds v. Sims, 377 U.S. 533, 84 S.Ct. 1362, 12 L.Ed.2d 506. No need exists for us to state the asserted analogy since we think no analogy can be made. Strictly construed, as they are intended to be, the reapportionment cases, supra, only insure to every voter, regardless of where he lives, the right to have his vote count, no more and no less than the votes of his fellow citizens, in the decision-making process of our representative form of government. Baker v. Carr, supra; Reynolds v. Sims, supra. That a presumptive, procedural right (presumption in favor of defendant that prejudice ensued where jury was allowed to separate during trial of case) not guaranteed by state or federal constitution, when granted to some, if not most, defendants in criminal cases, must be granted to all defendants similarly situated, or it is unconstitutional, is simply not the law. The legislature has plenary power, to pass any law on any subject it so desires except as restricted by the constitution, state or federal, Ex parte Foshee, 246 Ala. 604, 21 So.2d 827; Sec. 44, Constitution of Alabama 1901, and, when it deems necessary, can limit the application of a law to one or more political subdivisions within the state, and base such limited application upon any reasonable factor, such as population, it wishes, and unless there is a clear showing that the intended limited application is arbitrary, unreasonable and not made in good faith, it is good law and must be followed. Reynolds v. Collier, 204 Ala. 38, 85 So. 465; Thomas v. Ferguson, 267 Ala. 383, 102 So.2d 20. Appellant has made no convincing argument that the classification on population of Title 30, Sec. 97(1), supra, was arbitrary, not made in good faith, and not reasonably related to the purpose to be effected and to the difference in population which formed the basis thereof. Thomas v. Ferguson, supra.

All that remains of appellant's argument asserting the unconstitutionality of Title 30, Sec. 97(1), supra, is that it was passed and intended to be operative as a general law but that it fails to meet the "formula or standards established as a requisite of such general law as opposed to a local law," as provided by Sections 106 and 110 of the Constitution of Alabama 1901.

We do not accept appellant's mere assertion that Title 30, § 97(1), supra, is a local law passed under the guise of a general law. When considering the constitutional aspects of an act, a court is duty bound not to construe the act as a local one when it is so framed as to be reasonably susceptible of interpretation as a general law. Ward v. State, 224 Ala. 242, 139 So. 416; Cooper v. State ex rel. Hawkins, 226 Ala. 288, 147 So. 432; Howell v. Johnson, 34 Ala.App. 570, 42 So.2d 644, cert. den. 253 Ala. 63, 42 So.2d 649. Title 30, Sec. 97(1), is reasonably susceptible of interpretation as a general law.

When Act No. 384, Gen. Acts of Alabama 1943, supra, was passed, it applied to two counties in Alabama, and at the time this case was tried, applied to at least three counties in the state.

To warrant a court in declaring a statute void, its invalidity must be distinctly pointed out. Cooper v. Hawkins, 234 Ala. 636, 176 So. 329. Otherwise, courts are compelled to uphold the validity of a statute, if at all possible. Alabama State Federation of Labor v. McAdory, 246 Ala. 1, 18 So.2d 810, cert. den. 325 U.S. 450, 65 S.Ct. 1384, 89 L.Ed. 1725; State v. Polakow's Realty Experts, 243 Ala. 441, 10 So.2d 461, cert. den. 319 U.S. 750, 63 S.Ct. 1155, 87 L.Ed. 1705.

Having failed to make the requisite showing, as indicated herein, we find no merit in assignment of error 2.

 Assignment of error 3 asserts that the trial court erred in denying appellant's amended motion for new trial on the ground that the verdict in the case was contrary to the evidence.

Appellant's argument here seems to be that all the elements of the crime charged were not proved by the evidence, specifically the element of malice, and that the trial court should not have allowed the case to go to the jury.

As was stated by Mr. Justice Merrill in the case of McCall v. State, 262 Ala. 414, 79 So.2d 51, "It is well settled in this state that the corpus delicti is a fact which may be proved by circumstantial evidence. If there is a reasonable inference deducible from the evidence of its existence, the court must submit the question of the sufficiency and weight of the evidence tending to support that inference to the jury. * * *"

It is our opinion that a reading of the evidence clearly supports "a reasonable inference" that the appellant was the perpetrator of the beating which led to the victim's death; and, clearly enough, the testimony of one of the witnesses that appellant made these statements "Lay on down there and die," and "* * * don't nobody call an ambulance, because we want him to die * * *" also raises "a reasonable inference" from which the element of malice can be found. McKee v. State, 33 Ala.App.

171, 31 So.2d 656. Accordingly, we find no merit in assignment of error 3.

Assignment of error 4 asserts that the trial court erred in refusing appellant's requested written charges numbers 12 and 14.

 Each of these two assignments is based upon the refusal of the lower court to give the jury the affirmative charge, with hypotheses, duly requested in writing by the appellant. Although both assignments deal with the court's failure to give the affirmative charge, appellant had requested the charge to be given in two forms, and the refusal of each by the court gave appellant the right to assign each refusal as error which he has elected to do. For the sake of brevity, both assignments are argued together, and the argument made for assignment number 3 is adopted for argument here.

 Having already answered assignment 3, supra, as we have, adversely to appellant, there remains only the matter of the propriety of the lower court's refusal to give the affirmative charge. Where the evidence presented raises questions of fact for the jury, and such evidence, if believed, is sufficient to sustain conviction, the denial of a motion to exclude the state's evidence, the refusal to give the affirmative charge and the overruling of a motion for new trial, does not constitute error. Drummond v. State, 37 Ala.App. 308, 67 So.2d 280; Wade v. State, 24 Ala.App. 176, 132 So. 71. There is no merit in assignment of error 4.

 Assignment of error 5 asserts that the trial court erred in denying appellant's motion to exclude the evidence. As with assignment of error 4, appellant adopts the argument made under assignment 3 as his argument here. Suffice it to say that our previous responses to the above assignments are equally applicable here in that we have found the evidence sufficient upon which to submit the case to the jury, and if believed, to support conviction for the crime

charged. Consequently, there was no error in refusing appellant's motion to exclude the state's evidence. Drummond v. State, supra. There is no merit in assignment 5.

Having carefully examined the record for any reversible error, whether assigned or not, Title 15, Sec. 389, Code 1940, as well as having considered all of the appellant's assignments of error, it is our opinion that the judgment of the trial court should be, and is, affirmed.

Affirmed.

LAWSON, MERRILL and HARWOOD, JJ., concur.