312 So.2d 594

**Annie Lue SCOTT**

**v.**

**STATE.**

**4 Div. 323.**

Court of Criminal Appeals of Alabama.

May 6, 1975.

Terry R. Smyly, Phenix City, for appellant.

William J. Baxley, Atty. Gen., and J. Brent Thornley, Asst. Atty. Gen., for the State.

DeCARLO, Judge.

Annie Lue Scott, attended by retained counsel, was tried and convicted of murder in the first degree and sentenced to life imprisonment. She was adjudged indigent and is before this court on a free transcript with appointed counsel.

During the trial, appellant's motion to exclude the State's evidence was denied. At the conclusion of the trial, appellant did not request the affirmative charge, but counsel announced satisfaction with the court's oral instructions. No motion for a new trial was sought.

Now, appellant complains the court erred when it did not grant defendant's motion to exclude and argues the State's evidence as summarized below was insufficient.

Florine and Robert Lee Cobb lived at 1403 Jackson Avenue, Phenix City, Alabama, and on February 22, 1974, were at home in their kitchen. About 9:00 or 9:30 P.M., they were sitting around the table with Mrs. Cobb's daughter and Robert Jackson, when the doorbell rang. Mr. Cobb opened the door and the appellant, Annie Lue Scott, walked in and took a seat at the table. In a short while, appellant asked to speak to Robert Jackson outside and he followed her out the front door.

Within 15 or 20 minutes, Robert Lee Cobb heard two shots. When the police arrived, he looked out the door and saw them pick up Jackson's body.

Florine Cobb described the incident in this manner:

" . . . Well, when they goes on the outside we didn't pay any more attention, you know, until later I heard something like, you know, firecrackers, it sounded like. I heard it then about ten minutes—I mean more than once, about two or three times. So I asked my daughter, I said,

'That sounds like a gun or something.' And I gets up and goes and pulls the curtain back and sees Mr. Jackson kind of—seemed like he was laying out there, *and I glimpsed her*. But my being so upset, I just told my daughter, I said, 'Call the police and call the ambulance.' (Emphasis ours).

"Q. Did you see anybody else out there besides Annie Lou Scott—

"A. I didn't see anyone else."

Detective A. D. Lee of the Phenix City Police Department, went to the scene and found Jackson's body lying face down. Upon rolling it over, he observed the chest wound. At the time of his arrival he did not see anyone other than the injured man.

The coroner testified his examination of deceased at the hospital revealed a wound on the left side of the chest and one on the lower left thigh. Dr. James Buttram, of the State Department of Toxicology, was asked to do a post-mortem and he testified death was due to cardiac or heart damage, internal hemorrhage and shock caused by the gunshot wound to his chest.

Officer Kent of the Phenix City Police Department, arrested Annie Lue Scott around 10:00 P.M., about a mile from the scene and advised appellant of her rights. Appellant stated Jackson was her boy friend and she had been told he was down there with another woman.

Officer Kent's search of the appellant revealed a pocketbook and a large bag. Upon questioning her about the gun, he was told she had thrown it away.

At the time of the trial, appellant testified from a wheel chair, that she had been crippled since 1972, and had a knee operation in May, 1974. It was her testimony she had known the deceased for a good while and they were more than friends. Further she was driven to the Cobb residence and upon entering the house, sat down in the kitchen. After awhile she asked Jackson to go outside so she could speak with him. Upon asking him about

$100. he had supposedly taken from her bedroom, he became angry and pulled a knife. When he tried to cut her, she shot once or twice. She didn't aim the gun but shot in self-defense and afterwards threw the gun away. At the time she thought Jackson was just drunk and fell. Subsequently, her ride returned and she was taken back to the street in front of her residence. She denied making any statement to Officer Kent, but admitted he read "something off of a little old card."

Our review of the record as reflected by the above summary of the evidence raised questions of fact for the jury, and such evidence if believed was sufficient to sustain a conviction. Young v. State, 283 Ala. 676, 220 So.2d 843.

Denial of the defendant's motion to exclude was correct.

Our additional search of the record did not reveal any error.

Affirmed.

All the Judges concur.