HARRIS, Judge.
Appellant was convicted of grand larceny and the Court sentenced him to three years in the penitentiary. He was represented at arraignment and trial by retained counsel. Appellant is not indigent and he is not represented by counsel on this appeal.
The evidence presented by the State is not disputed. Appellant did not testify nor did he present any evidence in his behalf.
The stolen property consisted of four suits of clothes from Pizitz Department Store in Birmingham.
Mr. Rex Bennett testified that shortly before noon on April 9, 1973, he saw appellant remove four suits from the rack in the men’s department and carry them into the dressing room. Mr. Bennett was employed in the fine jewelry department at Pizitz, Eastwood Mall, in Birmingham, Alabama, at the time he saw appellant take the four suits from the rack and enter the dressing room which had a curtain over the entrance. Mr. Bennett immediately walked in the direction of the dressing room and heard noises like the crackling of a shopping bag. In a matter of minutes appellant emerged from the dressing room carrying a Pizitz shopping bag and passed within three feet of Mr. Bennett. Appellant proceeded through the boys’ department and left the store through the north entrance which led to the parking lot of the mall. Mr. Bennett stopped appellant and looked into the bag and saw four suits with Pizitz labels and price tags. At this point appellant was joined by his companion and Mr. Bennett told them not to leave and he entered the door of the department store and called for help.
*58 Mr. Bennett had seen both of these men earlier in the men’s department. One was a tall black man and appellant was much shorter. When Mr. Bennett returned to the parking lot after trying to get help he saw appellant and his companion getting into a 1964 Ford car and leave the parking lot. Just before they entered the car, appellant turned over the car tag so that the tag numbers could not be seen.
Bennett went back in the store and called the police department and two uniformed officers arrived in less than 20 minutes and Bennett gave them a detailed description of the two men. Later that night two detectives brought 35 to 50 black and white photographs to the store to see if Mr. Bennett recognized either of the two men and he immediately picked out appellant as the short man who stole the four suits. About a week later Mr. Bennett attended a lineup to see if he recognized the tall black man and he did not. However, appellant was in the lineup and Mr. Bennett picked him out as the man who stole the suits. Mr. Bennett also made a positive in-court identification of appellant as the thief.
The manager of the men’s department testified that the four suits were valued at $110.00 each. The jury returned a verdict finding appellant guilty as charged in the ■indictment and fixed the value of the stolen goods at $440.00.
When the State rested, appellant moved to exclude the State’s evidence without specifying any particular grounds. The motion was overruled and properly so under the case of Young v. State, 283 Ala. 676, 220 So.2d 843, and the cases cited therein.
This was a straight jury case on the question of appellant’s guilt. Livingston v. State, 44 Ala.App. 559, 216 So.2d 731.
There was no motion for a new trial; there was no request for the affirmative charge; no exceptions were reserved to the oral charge to the jury, and there were no adverse rulings on the admission of evidence which contained any merit.
The evidence produced by the State was more than sufficient to sustain the judgment of conviction and the case is due to be affirmed.
AFFIRMED.
All the Judges concur, except CATES, P. J., not sitting.