The grand jury of Montgomery County indicted the appellant, Sylvester Willis, for the offense of robbery in the first degree in violation of Ala. Code § 13A-8-4 (1975). On March 15, 1982, the appellant filed a written waiver of arraignment and a written plea of not guilty and not guilty by reason of insanity. On April 8, 1982, the appellant was tried before a jury and found guilty as charged in the indictment. On April 30, 1982, the appellant was sentenced to 99 years' imprisonment in the state penitentiary in accordance with the Habitual Felony Offenders Act.
At the close of the state's evidence and at the close of the case of the appellant, the appellant made a motion for a judgment of acquittal. The appellant also requested the affirmative charge and filed a motion for new trial. In each instance, the appellant claimed the evidence was insufficient to support the verdict and in each instance the trial judge denied the motions of the appellant.
Also, the appellant claims that the trial judge erred in denying the motion for a new trial based on newly discovered evidence.
Charles Williams owns and operates a grocery store in rural Montgomery County. He lives in a house across the street from his store. On Sunday night, September 27, 1981, Mr. Williams was in his living room reading a newspaper when he heard a knock at his front door. He asked who was there and the caller responded "Jimmy." Mr. Williams looked out the window and saw that the caller resembled a frequent customer of his named Jimmy. Mr. Williams opened the door and the caller stepped inside, pointed a pistol at Mr. Williams and said that he would blow Mr. Williams's brains out if Mr. Williams did not give him all of his money. The man holding the pistol took some money from Mr. Williams's pockets and motioned toward the door. The other armed men entered the home.
All three men pulled Mr. Williams into the bedroom. They turned the bedroom lights on and stripped the bed and used the sheets to tie Mr. Williams's hands behind him and his legs together. Mr. Williams then heard one of the men, who had left the room, shout that he had found the jackpot. He was referring to a green First Alabama Bank pouch containing cash, checks, food stamps and coins. After the intruders found the money, they pulled Mr. Williams into the bathroom and shut the door. After a few minutes, Mr. Williams untied himself and went to his phone, only to find that it had been ripped out of the wall. He then went to a neighbor's house and called the Sheriff. During the entire episode, which lasted approximately 10 minutes, the lights were on in the living room, the bedroom and the bathroom. *Page 201 
At trial, Mr. Williams identified Sylvester Willis as the individual who first entered his house and robbed him. Mr. Williams also testified that he described the individuals who robbed him to the sheriff's investigator and from his description a composite sketch was made of the appellant. Also, the other participants were identified as Wade Cargill and Eddie Mays.
Jackie Mays, the appellant's girlfriend and Eddie Mays's sister, testified that she heard Charles Flynn tell appellant that he could easily rob Charles Williams and that the appellant said he would not do that. She further testified that at her mother's home, on the night of the robbery, the appellant asked her to keep $60 for him and that upon seeing the money, Charles Flynn asked whom they had robbed and someone said "Charles Williams." She also testified that she saw a green money bag in Wade Cargill's car and that she went with the appellant to three service stations to cash change into dollars. She also testified that her brother, Eddie Mays, had $60.
Charles Flynn testified that the day before the robbery, appellant asked him if Charles Williams was easy to rob and when Flynn said he did not know, the appellant said he was going to rob him. He further testified that he saw appellant at 11:30 Sunday night and that the appellant and Eddie Mays were counting money in the kitchen of Laura Cargill's house. He further testified that on the following Monday, he saw a green First Alabama money bag pouch in Wade Cargill's car.
Laura Cargill, the appellant's mother, testified that the appellant was at her house on the night of the robbery, and the appellant's sister testified that the appellant was at his mother's house at 11:00 p.m. on the night in question.
The appellant denied having any conversation with Charles Flynn about robbing Mr. Williams and he testified that at the time of the robbery he was at his mother's house.
Laura Phillips, who was called in rebuttal, testified that she overheard Sylvester Willis ask Charles Flynn if there was any way to rob Charles Williams.
There is no question that the testimony was inconsistent and conflicting. The testimony of the witnesses who were family or friends was somewhat equivocal from direct, to cross to redirect examination.
In deciding whether or not there is sufficient evidence to support the verdict of the jury and the judgment of the trial court, the evidence must be reviewed in the light most favorable to the prosecution. Cumbo v. State, 368 So.2d 871
(Ala.Cr.App. 1978). Conflicting evidence presents a jury question not subject to review on appeal provided the state's evidence establishes a prima facie case. McBryar v. State,368 So.2d 568 (Ala.Cr.App. 1979); Gunn v. State, 387 So.2d 280
(Ala.Cr.App. 1980); 7 Ala. Digest, Criminal Law, Key No. 1159.3. The action of the trial court in denying a motion for acquittal, in refusing to give the affirmative charge and in denying a motion for new trial, must be reviewed by determining whether or not there exists legal evidence before the jury, at the time the motions are made, from which the jury by fair inference could find the defendant guilty. Thomas v. State,363 So.2d 1020 (Ala.Cr.App. 1978). In applying this standard, the appellate court will only determine if legal evidence was presented from which the jury could have found the defendant guilty beyond a reasonable doubt. Thomas, supra; Payne, supra. There is a presumption in favor of a jury verdict and when the trial court declines to grant a motion for new trial, that verdict is strengthened on appeal. Therefore, when the evidence raises questions of fact for the jury and such evidence, if believed, is sufficient to sustain a conviction, the denial of a motion for acquittal, the refusal to give the affirmative charge and the denial of a motion for new trial by the trial court do not constitute error. Young v. State, 283 Ala. 676,220 So.2d 843 (1969).
After examining the evidence and applying the proper standards of review, we find there was sufficient evidence *Page 202 
presented by the State to allow the jury to conclude beyond a reasonable doubt that the appellant was guilty of the crime as charged.
The appellant further contends that the trial court erred to reversal in refusing to grant the motion for new trial based on newly discovered evidence.
On October 9, 1981, Charles E. Williams swore out a warrant and signed an affidavit accusing Charles Flynn of the robbery. Apparently, neither defendant nor counsel for the defendant knew of the existence of the warrant and affidavit. During cross-examination Mr. Williams denied that Charles Flynn was involved in the robbery and he stated that he did not know anything about Charles Flynn being arrested in connection with the robbery. It is the contention of the defendant that the discovery of the warrant and affidavit after trial is newly discovered evidence and that it was an error not to grant a new trial.
To establish his right to a new trial based on newly discovered evidence, the appellant must show the following: (1) that the evidence is such as will probably change the result if a new trial is granted; (2) that it has been discovered since trial; (3) that it could not have been discovered before the trial by the exercise of due diligence; (4) that it is material to the issue; and (5) that it is not merely cumulative or impeaching. Taylor v. State, 266 Ala. 618, 97 So.2d 802 (1957).Bland v. State, 390 So.2d 1098 (Ala.Cr.App.), cert. denied,451 U.S. 991, 101 S.Ct. 2332, 68 L.Ed.2d 851 (1980).
It is obvious from reviewing the evidence in the case, that the defendant and his attorney were aware throughout the trial that Charles Flynn was a suspect and had been accused of the crime in question.
Charles Williams was cross-examined extensively as to whether or not he thought Charles Flynn was involved in the crime. On cross-examination by the appellant, Jackie Mays stated that she knew Charles Flynn had been picked up for the robbery. Charles Flynn, on direct examination by the State, admitted that he was arrested for the robbery, and on cross-examination by the appellant, Charles Flynn stated that he had been arrested for this robbery and was out on $10,000 bond. Appellant's counsel also cross-examined Charles Flynn concerning the events surrounding his arrest. Furthermore, the defendant testified that he knew Charles Flynn had been "picked up" in connection with the robbery, and a state rebuttal witness testified that Charles Williams had accused Charles Flynn of being involved in the crime.
Appellate courts look with disfavor on motions for new trial based on newly discovered evidence and the decision of the trial court will not be disturbed absent abuse of discretion.McBryar, supra.
This court finds no abuse of discretion in this case. The appellant did not establish his right to a motion for new trial based on newly discovered evidence according to the requirements as set out in Taylor, supra, and Bland, supra.
A careful review of the record reveals no error injuriously affecting the substantial rights of the defendant and the judgment and conviction is hereby affirmed.
The foregoing opinion was prepared by Hon. P.B. McLAUCHLIN, Jr., Circuit Judge, temporarily on duty on the court pursuant to § 12-2-30 (b)(6), Code of Alabama 1975; the court has adopted his opinion as its own.
AFFIRMED.
All the Judges concur except HUBERT TAYLOR, Judge, concurs in result only. *Page 203