The appellant, Robert Humphrey, was convicted of second-degree domestic violence, a violation of § 13A-6-131, Ala. Code 1975. The trial court sentenced him, as a habitual offender, to serve a term of twenty-five years in prison. See § 13A-5-9(c)(2), Ala. Code 1975. This appeal followed.
The evidence showed that, on December 12, 2000, the victim and the appellant were married and resided together in a mobile home in Talladega. Sometime during that day, they got into an argument, but the argument did not become physical. The victim went to sleep between 8:30 p.m. and 9:00 p.m., but was later awakened by "a hard hit" and noticed that the appellant had a baseball bat in one hand. (R. 82.) The appellant then "snatched" her out of the bed and, while he held the baseball bat in one hand, hit her with his other fist and choked her. (R. 83.) The victim stated that, at some point, they "got in the floor, [the appellant] got on top of me and started choking me and had something in his hand and was hitting me." (R. 84.) Although she did not see what he used to hit her, she stated that the object felt "hard," that it was not his fist, and that it "hurt more than his fist." (R. 85, 86.) As a result of the incident, the victim's nose and lip bled, her nose was broken, and one of her eyes was swollen shut.
Shortly after the incident, law enforcement officers entered the mobile home and found the appellant in bed asleep. They also found a baseball bat on the floor near the bed, and they testified that it had blood on it.
Dr. William Lawrence examined and treated the victim a few hours after the incident occurred. He testified that her face was swollen and bruised and had marks on it "which would be the kind of pattern [one] would see if she had been struck across the face with a blunt instrument." (R. 158.) Lawrence also stated that the victim "took a very hard lick and again it would be the kind of injury one would have if struck by a bat or stick or other object with full force across the side of the face." (R. 170.) Finally, he indicated that the victim's injuries were not inconsistent with having been hit with a baseball bat.
The appellant argues that the trial court improperly denied his motions for a judgment of acquittal at the close of the State's case and at the close of his case. Specifically, he contends that the State did not establish that he struck the victim with a deadly weapon or a dangerous instrument.
 "A person commits the crime of domestic violence in the second degree if the person commits the crime of assault in the second degree pursuant to Section 13A-6-21, and the victim is a current or former spouse, parent, child, any person with whom the defendant has a child in common, a present or former household *Page 681 
 member, or a person who has or had a dating or engagement relationship with the defendant."
§ 13A-6-131(a), Ala. Code 1975.
 "A person commits the crime of assault in the second degree if the person does any of the following:
". . . .
 "(2) With intent to cause physical injury to another person, he or she causes physical injury to any person by means of a deadly weapon or a dangerous instrument."
§ 13A-6-21(a), Ala. Code 1975. In addition, a baseball bat is a deadly weapon. See Hill v. State, 516 So.2d 876 (Ala.Crim.App. 1987).
 "In deciding whether there is sufficient evidence to support the verdict of the jury and the judgment of the trial court, the evidence must be reviewed in the light most favorable to the prosecution. Cumbo v. State, 368 So.2d 871 (Ala.Cr.App. 1978), cert. denied, 368 So.2d 877 (Ala. 1979). Conflicting evidence presents a jury question not subject to review on appeal, provided the state's evidence establishes a prima facie case. Gunn v. State, 387 So.2d 280 (Ala.Cr.App.), cert. denied, 387 So.2d 283
(Ala. 1980). The trial court's denial of a motion for a judgment of acquittal must be reviewed by determining whether there existed legal evidence before the jury, at the time the motion was made, from which the jury by fair inference could have found the appellant guilty. Thomas v. State, 363 So.2d 1020
(Ala.Cr.App. 1978). In applying this standard, the appellate court will determine only if legal evidence was presented from which the jury could have found the defendant guilty beyond a reasonable doubt. Willis v. State, 447 So.2d 199 (Ala.Cr.App. 1983); Thomas v. State. When the evidence raises questions of fact for the jury and such evidence, if believed, is sufficient to sustain a conviction, the denial of a motion for a judgment of acquittal by the trial court does not constitute error. Young v. State, 283 Ala. 676, 220 So.2d 843 (1969); Willis v. State."
Breckenridge v. State, 628 So.2d 1012, 1018 (Ala.Crim.App. 1993). Finally,
 "`[c]ircumstantial evidence is not inferior evidence, and it will be given the same weight as direct evidence, if it, along with the other evidence, is susceptible of a reasonable inference pointing unequivocally to the defendant's guilt. Ward v. State, 557 So.2d 848
(Ala.Cr.App. 1990). In reviewing a conviction based in whole or in part on circumstantial evidence, the test to be applied is whether the jury might reasonably find that the evidence excluded every reasonable hypothesis except that of guilt; not whether such evidence excludes every reasonable hypothesis but guilt, but whether a jury might reasonably so conclude. Cumbo v. State, 368 So.2d 871 (Ala.Cr.App. 1978), cert. denied, 368 So.2d 877 (Ala. 1979).'
"Ward, 610 So.2d at 1191-92."
Lockhart v. State, 715 So.2d 895, 899 (Ala.Crim.App. 1997). Although the victim did not specifically testify that the appellant hit her with a baseball bat, the State presented sufficient circumstantial evidence from which the jury could have reasonably concluded that he did. Therefore, the trial court properly denied the appellant's motions for a judgment of acquittal, and we affirm that court's judgment.
AFFIRMED.
McMillan, P.J., and Cobb, Shaw, and Wise, JJ., concur.
 *Page 1