WISE, Presiding Judge.
 

 The appellants, Manuel Lee Owens and Sherri M. Owens, were convicted of allowing minors to participate in an open house party, a violation of § 13A-ll-10.1(b), Ala. Code 1975. The trial court sentenced Manuel to serve a term of 60 days in the county jail, but split the sentence and ordered him to serve one weekend in jail followed by 90 days on probation. It sentenced Sherri to serve a term of 60 days in the county jail, but suspended the sentence and placed her on probation. Manuel and Sherri did not file any post-judgment motions. This appeal followed.
 

 Manuel and Sherri argue that the State did not present sufficient evidence to support their convictions. With
 
 *254
 
 regard to open house parties, § 13A-11-10.1(b), Ala.Code 1975, provides:
 

 “No adult having control of any residence, who has authorized an open house party at the residence and is in attendance at the party, shall allow the open house party to continue if all of the following occur:
 

 “(1) Alcoholic beverages or controlled substances are illegally possessed or illegally consumed at the residence by a person under the age of 21.
 

 “(2) The adult knows that an alcoholic beverage or controlled substance is in the illegal possession of or is being illegally consumed by a person under the age of 21 at the residence.
 

 “(3) The adult fails to take reasonable action to prevent illegal possession or illegal consumption of the alcoholic beverage or controlled substance.”
 

 § 13A-ll-10.1(b), Ala.Code 1975. For purposes of § 13A-11-10.1, Ala.Code 1975, an “adult” is defined as “[a] person who, pursuant to state law, may possess alcoholic beverages.” § 13A-ll-10.1(a)(l), Ala. Code 1975. An “adult having control of a residence” is defined as “[a]n adult who has sanctioned an open house party and who is in attendance.” § 13A-11-10.1(a)(2), Ala.Code 1975. A “residence” is defined as “[a] home, apartment, condominium, country club, motel, hotel, or any other unit designed for dwelling.” § 13A-ll-10.1(a)(7), Ala.Code 1975. Finally, an “open house party” is defined as “[a] social gathering at a residence.” § 13A-11-10.1(a)(5), Ala.Code 1975.
 

 “In deciding whether there is sufficient evidence to support the verdict of the jury and the judgment of the trial court, the evidence must be reviewed in the light most favorable to the prosecution.
 
 Cumbo v. State,
 
 368 So.2d 871 (Ala.Cr.App.1978), cert. denied, 368 So.2d 877 (Ala.1979). Conflicting evidence presents a jury question not subject to review on appeal, provided the state’s evidence establishes a prima facie case.
 
 Gunn v. State,
 
 387 So.2d 280 (Ala.Cr.App.), cert. denied, 387 So.2d 283 (Ala.1980). The trial court’s denial of a motion for a judgment of acquittal must be reviewed by determining whether there existed legal evidence before the jury, at the time the motion was made, from which the jury by fair inference could have found the appellant guilty.
 
 Thomas v. State,
 
 363 So.2d 1020 (Ala.Cr.App.1978). In applying this standard, the appellate court will determine only if legal evidence was presented from which the jury could have found the defendant guilty beyond a reasonable doubt.
 
 Willis v. State,
 
 447 So.2d 199 (Ala.Cr.App.1983);
 
 Thomas v. State.
 
 When the evidence raises questions of fact for the jury and such evidence, if believed, is sufficient to sustain a conviction, the denial of a motion for a judgment of acquittal by the trial court does not constitute error.
 
 Young v. State,
 
 283 Ala. 676, 220 So.2d 843 (1969);
 
 Willis v. State.”
 

 Breckenridge v. State,
 
 628 So.2d 1012, 1018 (Ala.Crim.App.1993).
 

 “ ‘In determining the sufficiency of the evidence to sustain the conviction, this Court must accept as true the evidence introduced by the State, accord the State all legitimate inferences therefrom, and consider the evidence in the light most favorable to the prosecution.’
 
 Faircloth v. State,
 
 471 So.2d 485, 489 (Ala.Cr.App.1984), affirmed,
 
 Ex parte Faircloth,
 
 [471] So.2d 493 (Ala.1985).
 

 [[Image here]]
 

 “ ‘ “The role of appellate courts is not to say what the facts are. Our role ... is to judge whether the evidence is
 
 legally
 
 sufficient to allow submis
 
 *255
 
 sion of an issue for decision to the jury.”
 
 Ex parte Bankston,
 
 358 So.2d 1040, 1042 (Ala.1978). An appellate court may interfere with the jury’s verdict only where it reaches “a clear conclusion that the finding and judgment are wrong.”
 
 Kelly v. State,
 
 273 Ala. 240, 244, 139 So.2d 326 (1962). ... A verdict on conflicting evidence is conclusive on appeal.
 
 Roberson v. State,
 
 162 Ala. 30, 50 So. 345 (1909). “[Wjhere there is ample evidence offered by the state to support a verdict, it should not be overturned even though the evidence offered by the defendant is in sharp conflict therewith and presents a substantial defense.”
 
 Fuller v. State,
 
 269 Ala. 312, 333, 113 So.2d 153 (1959), cert. denied,
 
 Fuller v. Alabama,
 
 361 U.S. 936, 80 S.Ct. 380, 4 L.Ed.2d 358 (I960).’
 
 Granger [v. State],
 
 473 So.2d [1137,] 1139 [ (Ala.Crim.App.1985) ].
 

 “... ‘Circumstantial evidence alone is enough to support a guilty verdict of the most heinous crime, provided the jury believes beyond a reasonable doubt that the accused is guilty.’
 
 White v. State,
 
 294 Ala. 265, 272, 314 So.2d 857, cert. denied, 423 U.S. 951, 96 S.Ct. 373, 46 L.Ed.2d 288 (1975). ‘Circumstantial evidence is in nowise considered inferior evidence and is entitled to the same weight as direct evidence provided it points to the guilt of the accused.’
 
 Cochran v. State,
 
 500 So.2d 1161, 1177 (Aa.Cr.App.1984), affirmed in pertinent part, reversed in part on other grounds,
 
 Ex parte Cochran,
 
 500 So.2d 1179 (Ala.1985).”
 

 White v. State,
 
 546 So.2d 1014, 1017 (Ala.Crim.App.1989). Also,
 

 “ ‘[cjircumstantial evidence is not inferior evidence, and it will be given the same weight as direct evidence, if it, along with the other evidence, is susceptible of a reasonable inference pointing unequivocally to the defendant’s guilt.
 
 Ward v. State,
 
 557 So.2d 848 (Aa.Cr.App.1990). In reviewing a conviction based in whole or in part on circumstantial evidence, the test to be applied is whether the jury might reasonably find that the evidence excluded every reasonable hypothesis except that of guilt; not whether such evidence excludes every reasonable hypothesis but guilt, but whether a jury might reasonably so conclude.
 
 Cumbo v. State,
 
 368 So.2d 871 (Ala.Cr.App.1978), cert. denied, 368 So.2d 877 (Ala.1979).’
 

 ‘Ward,
 
 610 So.2d at 1191-92.”
 

 Lockhart v. State,
 
 715 So.2d 895, 899 (Ala. Crim.App.1997).
 

 Deputy Kevin Wise of the Covington County Sheriffs Department testified that, around 12:30 a.m. on January 21 or 22, 2006, he responded to a complaint by one of Manuel and Sherri’s neighbors about noise and vehicles on his property. As he went down the dirt road toward their house, he saw a truck in a ditch. He also saw approximately ten vehicles parked on the edge of Manuel and Sherri’s yard and an adjacent field, which was approximately thirty or forty yards from their house. Wise testified that he saw approximately twenty people, including minors, in Manuel and Sherri’s yard and near their house, but did not see any in the field, which was dark. Finally, he testified that he did not see any evidence of alcohol or of a bonfire.
 

 Wise testified that he contacted Agent Scotty Ballard of the Aabama Acoholic Beverage Control Board (“ABC Board”) about the situation and left. As he passed the truck that was in a ditch, the driver and his brother, who were 17 and 18 years old, appeared. He investigated and learned that the driver had been at the party and had been drinking.
 

 
 *256
 
 Ballard testified that he arrived around 1:00 a.m. and saw eighteen to twenty people in the yard and on the back deck of Manuel and Sherri’s house. Manuel was standing against a deck rail and had a beer can in his left hand. Four people were sitting at a table on the deck, and three of the four were under the age of 21. There were several open containers of beer on the table and deck and nine unopened cans of beer in a container on the deck. Ballard testified that several of the minors he talked to had- a strong odor of alcohol on their person and that they arrested several minors for being in possession of or consuming alcohol. He also testified that he did not see any alcohol containers in the yard and that there was not a fire there. Finally, he testified that, after they learned that Manuel and Sherri’s daughter Leandria had had the party, they located her and determined that she had been drinking.
 

 Sergeant Kenneth Davis of the ABC Board testified that he also responded to the scene. When he went to the back deck, he saw Manuel leaning against a deck railing consuming a beer, Sherri standing near a door to the house, and two or three other adults there. He also saw open and unopened cans of beer on the deck and confiscated some of the unopened cans. Davis testified that Manuel and Sherri admitted that they knew that minors, including their daughter, had been drinking. However, they told him they did not know what to do. Davis testified that, when he first asked Manuel and Sherri if anyone was in the house, they indicated only that their younger child was in there. After they investigated, however, they learned that Manuel and Sherri’s daughter Leandria was also in the house and had been consuming alcohol.
 

 Davis testified that he did not see any evidence of a party or a bonfire in the field, but admitted that he did not go into the field. He also testified that the vehicles were parked in Manuel and Sherri’s yard where the grass had been mowed about twenty to twenty-five yards from the house, that he did not see any cans or litter near the vehicles, and that he did not see any minors consuming alcohol at the house.
 

 Davis testified that they arrested eight minors for consumption of alcohol. He also testified that he arrested Manuel and Sherri because they were there, admitted that they knew their underage daughter and other minors had been consuming alcohol, and that they did not do anything to prevent or stop the consumption of alcohol. Davis stated that he was not aware of allegations that Manuel and Sherri accumulated the minors’ keys so they could not drive away. Nevertheless, he stated that would have kept the minors from driving, but would not have kept them from drinking.
 

 Leandria Owens testified for the defense that Manuel and Sherri are her parents and that she was 19 years old at the time of the incident; that she decided to have an impromptu party in a neighbor’s field approximately sixty to seventy yards behind her parents’ house; that they used a bonfire for light; that her parents were not at home when the party started; and that she would not have had the party if her parents had been home. She testified that there were between fifteen and thirty people at the party who ranged in age from 17 to 21 years and that some of the people who were under the age of 21 consumed alcohol. However, she testified that none of the underage drinkers consumed alcohol at her parents’ house.
 

 Leandria testified that, during the party, a friend telephoned her and told her that law enforcement officers were on their way to the party. An officer arrived and had
 
 *257
 
 to leave, but he told them to stay in the field until he returned. At that point, she went to her parents’ house, got them out of bed, and told them that they had been drinking, that some people had left, and that law enforcement officers would be back. Finally, she testified that Manuel and Sherri then took the car keys from the remaining guests who had been drinking in an attempt to prevent them from driving.
 

 Manuel testified that he got home around 10:00 p.m. or 10:30 p.m. on January 21, 2006; that there were some people in the field that was adjacent to his house; that the field belonged to his neighbor; and that Leandria had had get-togethers there before, but had not previously mentioned having one that night. Later, Leandria came to the house and told him and Sherri that they had been drinking and that law enforcement officers were coming. At that point, they took the car keys from those people who had been drinking.
 

 Manuel testified that he was not drinking beer when law enforcement officers arrived at his house. He also testified that the beer officers confiscated from the deck was not his, that it belonged to Brandon Nall, and that there were some adults there drinking, but that he did not observe anyone who was underage drinking. Finally, he stated that, to his knowledge, he had never seen Davis.
 

 Sherri testified that she did not know anything about the party until she got home from work at approximately 11:30 p.m. on January 21, 2006, when she noticed the gathering of young people in the field. Later, Leandria came to the house, admitted that they had been drinking, and told her and Manuel that law enforcement officers were on their way. Sherri told Leandria to go to bed and then stepped outside. Finally, she testified that the party guests were 19, 20, and 21 years old; that she confiscated car keys from the ones who had been drinking; and that she did not see any of them drinking alcohol in her presence.
 

 Samantha Lumpkin, Leandria’s best friend, testified that Leandria was intoxicated that evening and that she had seen Leandria intoxicated before that evening. She also testified that she was certain that Manuel and Sherri did not know about the party. Finally, she stated that she did not see anyone who was underage drinking alcohol at Manuel and Sherri’s house and that the vehicles were parked at the edge of the field.
 

 In rebuttal, Ballard testified that he observed Manuel drinking a beer when he arrived at the scene, that Manuel smelled of alcohol, and that Manuel did not say anything when he asked what he was doing. He also testified that no one ever said anything to him about taking up car keys.
 

 Davis also testified as a rebuttal witness and reiterated that he saw Manuel drinking a beer and that he spoke to Manuel about the incident. He testified that Manuel and Sherri did not mention anything about confiscating any car keys or say that there had not been a party at the house. Finally, he added that no one told him the party occurred in the field and that he saw debris only immediately around the house.
 

 The State presented evidence that Manuel and Sherri were on the deck and that Manuel was drinking a beer when officers arrived. It also presented evidence that there were minors and several open and unopened cans of beer on the deck and that several of the minors smelled of alcohol. The State further presented evidence that there was not any evidence of beer cans, debris, or a bonfire in the field. Rather, all of the people and beer cans were near Manuel and Sherri’s house. Finally,
 
 *258
 
 Manuel and Sherri admitted that they knew their underage daughter and other minors had been consuming alcohol and that they did not do anything to prevent or stop the consumption of alcohol. Even taking as true their allegation that they confiscated keys from the minors who had been consuming alcohol, that still would not have prevented the minors from possessing and consuming alcohol. At most, they simply prevented them from driving. Thus, the State presented circumstantial evidence from which the jury could have reasonably concluded that Manuel and Sherri authorized a party at their residence, were in attendance at the party, and allowed the party to continue after learning that alcohol was in the possession of or being consumed by people who were under the age of 21, in violation of § 13A-11 — 10.1(b), Ala.Code 1975. “In general, the jury is in the best position to decide the credibility of witnesses.”
 
 Congo v. State,
 
 477 So.2d 511, 516 (Ala.Crim.App.1985). Also, “[t]he weight and probative value to be given to the evidence, the credibility of the witnesses, the resolution of conflicting testimony, and inferences to be drawn from the evidence are for the jury.”
 
 Smith v. State,
 
 698 So.2d 189, 214 (Ala.Crim.App.1996), aff'd, 698 So.2d 219 (Ala.1997). Accordingly, we affirm the trial court’s judgment.
 

 AFFIRMED.
 

 WELCH, WINDOM, and KELLUM, JJ., concur.