WELCH, Judge.
Warren L. Campbell was indicted in case no. CC-15-322 on two counts of first-degree sodomy. Count 1 charged that Campbell had engaged in deviate sexual intercourse with C.W. by forcible compulsion, a violation of § 13A-6-63(a)(1), Ala. Code 1975. Count 2 charged that Campbell, being 16 years of age or older, had engaged in deviate sexual intercourse with C.W., who was less than 12 years of age, a violation of § 13A-6-63(a)(3), Ala. Code 1975. In case no. CC-15-323, Campbell was indicted on two counts of first-degree sodomy. Count 1 charged that Campbell had engaged in deviate sexual intercourse with C.W. by forcible compulsion, a violation of § 13A-6-63(a)(1). Count 2 charged that Campbell, being 16 years of age or older, had engaged in deviate sexual intercourse with C.W., who was less than 12 years of age, a violation of § 13A-6-63(a)(3). The two cases were consolidated for trial. On April 18, 2016, the jury found Campbell guilty of Count 2 in CC-15-322, and it found Campbell guilty of Count 2 in CC-15-323. On June 17, 2016, the trial court sentenced Campbell to concurrent 20-year terms of imprisonment and ordered him to pay a $50 assessment to the Alabama Crime Victims Compensation Commission.
C.W., who was 22 years old at the time of trial, testified that his mother and Campbell had dated for several years when he was a child. Beginning when C.W. was 9 or 10 years old, he lived in a house with his mother, his brother, and Campbell. One night Campbell woke C.W. up and took him out of the bedroom, and he touched and rubbed C.W.'s "butt." Within a week or two after that incident, C.W. said, Campbell began performing oral sex on him, and did so once or twice a week for one-and-a-half or two years thereafter. C.W., his mother and brother, and Campbell moved to another residence when he was about 11 years old, he said. Campbell continued to have oral sex with C.W. in the new residence and, C.W. said, Campbell also began to penetrate him anally. C.W. said that Campbell performed these acts on him once or twice a week until C.W. was 13 years old and Campbell moved out of the house. C.W. said that he did not tell his mother about the abuse at that time because Campbell had instructed him not to tell anyone or, Campbell told him, both of them would get into trouble. C.W.'s mother testified that she began dating Campbell in approximately 2003, and that *751 her sons had time alone with Campbell during the years they dated and cohabitated. C.W.'s brother testified that, during the time Campbell and his mother dated, Campbell sometimes pinched and punched him, but he did not do "anything sexual." (R. 69.)
At the conclusion of the evidence, Campbell moved for a judgment of acquittal on the ground that the case was too weak to go to the jury. The trial court denied the motion. Campbell did not present any evidence. The State requested that the trial court issue "a unanimity charge" to the jury. (R. 78.) The trial court agreed to do so and instructed the jury, in relevant part, as follows:
"The law says this in these types of cases, ladies and gentlemen, where there are allegations of multiple offenses over a period of time, that when the State elects to prosecute these cases that they must-you must, each individual juror, and I'm instructing you on this fact, you must determine that every one of these sexual acts occurred. And it must be unanimous. Each individual juror has to be convinced beyond a reasonable doubt each one of these separate acts occurred. Otherwise, your verdict must be not guilty. ... They have the option to elect just one of them and proceed on one. But when they don't elect to proceed on a specific event, they have to prove each and every one them beyond a reasonable doubt. And you must be so convinced that it's been proven, okay."
(R. 116-17.) Neither party objected to the trial court's unanimity instruction. The jury found Campbell guilty of violating § 13A-6-63(a)(3), Ala. Code 1975, as charged in Count 2 of case no. CC-15-322. The jury also found Campbell guilty of violating § 13A-6-63(a)(3), Ala. Code 1975, as charged in Count 2 of case no. CC-15-323.
I.
Campbell argues on appeal that the trial court erred when it adjudicated him guilty of both counts of first-degree sodomy because, he says, the State pursued both convictions based on the same evidence-C.W.'s generic testimony about Campbell's continuing course of conduct-not specific instances of abuse.[1] We agree.
Alabama law permits a jury to convict a resident child abuser where there "is purely generic" evidence of multiple acts of abuse and where the only real question for the jury is whether the defendant committed all the acts. R.L.G. v. State, 712 So.2d 348 (Ala. Crim. App. 1997), aff'd, 712 So.2d 372 (Ala. 1998). In such a case, the trial court should instruct the jury that it can find the defendant guilty only if it unanimously agrees that he committed all the incidents described by the victim. Id.
The Alabama Supreme Court in R.A.S. v. State, 718 So.2d 117 (Ala. 1998), expanded the foregoing rule and held that, in cases involving a resident child abuser where the evidence is both generic and specific, and
"where evidence of multiple culpable acts is adduced to prove a single charged offense, jury unanimity must be protected. Therefore, in such a case, the defendant is entitled either to have the State elect the single act upon which it is relying for a conviction or to have the court give a specific unanimity instruction. If the State chooses not to elect the specific act, the trial court must instruct the jury that all 12 jurors must agree that the same underlying criminal act has been proved beyond a reasonable *752 doubt, thereby assuring a unanimous verdict on one criminal act."
718 So.2d at 122 (footnote omitted).
C.W.'s testimony, while mostly generic, included at least one specific instance of abuse. The State requested a unanimity instruction rather than electing a single act on which to rely in seeking the conviction, and the trial court gave a unanimity instruction to the jury. A conviction under § 13A-6-63(a)(3), in these circumstances was legally permissible; however, only one conviction under § 13A-6-63(a)(3) was legally permissible under these circumstances. Campbell's conduct did not constitute two separate offenses. Rather, the record is clear that the two convictions arose out of the exact same set of circumstances. Campbell cannot be convicted of two counts of first-degree sodomy under § 13A-6-63(a)(3) based on the same evidence. Therefore, double-jeopardy principles were violated when he was convicted of and sentenced for two counts of first-degree sodomy. See, e.g., Ex parte Rice, 766 So.2d 143 (Ala. 1999) ; Rudolph v. State, 200 So.3d 1186 (Ala. Crim. App. 2015).
Based on the foregoing, this case must be remanded for the trial court to vacate one of the first-degree sodomy convictions.
II.
Campbell also argues that the trial court erred when it denied the motion for a judgment of acquittal he made at the close of the State's case and after the verdicts were entered. On appeal, Campbell argues, in relevant part:
"Because the jury was required under the circuit court's unanimity instruction and binding caselaw ... to convict Mr. Campbell only if it believed all allegations described beyond a reasonable doubt, the jury's verdict necessarily relies upon allegations that Mr. Campbell sodomized C.L.W. after he turned 12 years old. A conviction of first-degree sodomy of a child under the age of 12 cannot stand where the facts necessarily relied upon by the jury demonstrate that the accuser was not under the age of 12 when an act of sodomy allegedly occurred."
(Campbell's brief, at pp. 17-18.) Thus, Campbell appears to argue that the State presented too much evidence and, therefore, that the trial court should have granted his motion for a judgment of acquittal and his posttrial motion to set aside the verdicts. We disagree.
"In deciding whether there is sufficient evidence to support the verdict of the jury and the judgment of the trial court, the evidence must be reviewed in the light most favorable to the prosecution. Cumbo v. State, 368 So.2d 871 (Ala. Crim. App. 1978) (Ala. 1979). Conflicting evidence presents a jury question not subject to review on appeal, provided the state's evidence establishes a prima facie case. Gunn v. State, 387 So.2d 280 (Ala. Crim. App. 1980). The trial court's denial of a motion for a judgment of acquittal must be reviewed by determining whether there existed legal evidence before the jury, at the time the motion was made, from which the jury by fair inference could have found the appellant guilty. Thomas v. State, 363 So.2d 1020 (Ala. Crim. App. 1978). In applying this standard, the appellate court will determine only if legal evidence was presented from which the jury could have found the defendant guilty beyond a reasonable doubt. Willis v. State, 447 So.2d 199 (Ala. Crim. App. 1983) ; Thomas v. State. When the evidence raises questions of fact for the jury and such evidence, if believed, is sufficient to sustain a conviction, the denial of a motion for a judgment of acquittal by the trial court does not constitute error.
*753 Young v. State, 283 Ala. 676, 220 So.2d 843 (1969) ; Willis v. State."
Breckenridge v. State, 628 So.2d 1012, 1018 (Ala. Crim. App. 1993).
" 'The trial court's denial of a motion for judgment of acquittal must be reviewed by determining whether there was legal evidence before the jury at the time the motion was made from which the jury by fair inference could find the defendant guilty. Thomas v. State, 363 So.2d 1020 (Ala. Crim. App. 1978). In applying this standard, this court will determine only if legal evidence was presented from which the jury could have found the defendant guilty beyond a reasonable doubt. Willis v. State, 447 So.2d 199 (Ala. Crim. App. 1983). When the evidence raises questions of fact for the jury and such evidence, if believed, is sufficient to sustain a conviction, the denial of a motion for judgment of acquittal does not constitute error. McConnell v. State, 429 So.2d 662 (Ala. Crim. App. 1983).' "
Gavin v. State, 891 So.2d 907, 974 (Ala. Crim. App. 2003) (quoting Ward v. State, 610 So.2d 1190, 1191 (Ala. Crim. App. 1992) ).
Campbell was convicted of first-degree sodomy under § 13A-6-63(a)(3), and that statute provides that a person commits the crime of sodomy in the first degree if, being 16 years old or older, "[h]e engages in deviate sexual intercourse with a person who is less than 12 years old." C.W. testified that, beginning when C.W. was 9 or 10 years old, Campbell subjected him to oral and anal sex once or twice a week, nearly every week, until C.W. was 13 years old. Thus, "legal evidence was presented from which the jury could have found the defendant guilty beyond a reasonable doubt" of first-degree sodomy, and the case was properly submitted to the jury. The trial court did not err when it denied the motion for a judgment of acquittal Campbell made at the close of the State's case.
The trial court instructed the jury that, in order to convict Campbell, "each individual juror" had to "determine that every one of these sexual acts occurred. And it must be unanimous. Each individual juror has to be convinced beyond a reasonable doubt each one of these separate acts occurred. Otherwise, your verdict must be not guilty." (R. 116.) Jurors are presumed to follow the trial court's instructions. E.g., S.A.J. v. State, 195 So.3d 327 (Ala. Crim. App. 2015). In finding Campbell guilty of first-degree sodomy under § 13A-6-63(a)(3), the jurors unanimously agreed that all the sexual acts to which C.W. had testified had, in fact, occurred, most importantly, all the acts that occurred before C.W. was 12 years old. The fact that the State presented evidence indicating that Campbell had committed additional criminal acts after the period of time necessary to establish its prima facie case of first-degree sodomy did not somehow eliminate that prima facie case, nor did it warrant relief in the form of a judgment of acquittal.
For the foregoing reasons, we remand this case to the trial court and instruct that court to vacate one of Campbell's first-degree sodomy convictions and sentences. Due return should be filed with this Court no later than 42 days from the date of this order.
REMANDED WITH DIRECTIONS.*
Windom, P.J., and Kellum and Burke, JJ., concur. Joiner, J., concurs in part and concurs in the result in part.
JOINER, Judge, concurring in part and concurring in the result in part.
*754 I concur in the Court's decision to remand this case for the circuit court to vacate one of Warren L. Campbell's first-degree sodomy convictions and the corresponding sentences.
As the main opinion notes, Campbell did not raise his double-jeopardy claim in the circuit court. The Court's opinion characterizes the double-jeopardy claim at issue in this case as one that "goes to the jurisdiction of the trial court to render a judgment." 241 So. 3d at 751 n.1. Although that characterization has longstanding support in caselaw,[2] I think it is inconsistent with the principles expressed in Ex parte Seymour, 946 So.2d 536 (Ala. 2006), regarding subject-matter jurisdiction.
In my view, the more accurate characterization of Campbell's claim in this case is that it is not subject to the ordinary rules of preservation and waiver. See Hulsey v. State, 196 So.3d 342, 354-55 (Ala. Crim. App. 2015) ("Even after Ex parte Seymour, however, this Court and the Alabama Supreme Court have continued to refer to statutes of limitations as a 'jurisdictional' matter. In Ex parte Ward, 46 So.3d 888 (Ala. 2007), the Alabama Supreme Court noted that this Court had 'conflated statutes of limitations with procedural limitations periods such as the one in Rule 32.2(c)[, Ala. R. Crim. P.].' The Alabama Supreme Court in Ex parte Ward clearly distinguished procedural limitations periods from statutory limitations periods on criminal prosecution. Procedural limitations are affirmative defenses subject to the ordinary rules regarding waiver. Statutory limitations periods in a criminal prosecution, however, are 'jurisdictional'-not in the sense of affecting the subject-matter jurisdiction of the circuit court but in the sense of not being subject to the ordinary rules of preservation and waiver."); cf. Hall v. State, 223 So.3d 977, 988 (Ala. Crim. App. 2016) (Joiner, J., concurring specially) ("[A]lthough a claim on direct appeal that the circuit court imposed an unauthorized sentence has been described as 'jurisdictional' in some cases-particularly before Ex parte Seymour-such a claim is more properly characterized as not being subject to the ordinary rules of preservation and waiver on direct appeal.").

Campbell did not raise this issue in the trial court but, because this claim goes to the jurisdiction of the trial court to render a judgment, the issue is not precluded from review.

Note from the reporter of decisions: On June 30, 2017, on return to remand, the Court of Criminal Appeals affirmed, without opinion.

Indeed, I have authored opinions for this Court repeating that characterization, and I have concurred in many opinions with that characterization. My position on this issue, for lack of a better term, has evolved.